Alan C. Bradshaw (4801)
Chad R. Derum (9452)
**MANNING CURTIS BRADSHAW & BEDNAR**
201 S. Main St., Suite 750
Salt Lake City, Utah 84111
abradshaw@mc2b.com
cderum@mc2b.com

Trevor J. Lee (16703)
**HOGGAN LEE HUTCHINSON**
257 E 200 S, Suite 1050
Salt Lake City, Utah 84111
trevor@hlh.law

Michael D. Celio (*pro hac vice*)
Michael J. Kahn (*pro hac vice*)
Jacob U. Arber (*pro hac vice*)
**GIBSON, DUNN, & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA 94304
mcelio@gibsondunn.com
mjkahn@gibsondunn.com
jarber@gibsondunn.com

*Attorneys for Defendants Safemoon LLC; Safemoon US, LLC; Safemoon Connect, LLC; Safemoon Media Group Ltd; Tano LLC; and Braden John Karony*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MARK COMBS ET AL.,**<br><br>*Plaintiffs*<br><br>vs.<br><br>**SAFEMOON LLC ET AL,**<br><br>*Defendants* | **UNOPPOSED MOTION TO STAY CASE PENDING RESOLUTION OF PARALLEL CRIMINAL PROCEEDINGS**<br><br>Case No. 2:22-cv-642-DBB-JCB<br>Judge David B. Barlow<br>Magistrate Judge Jared C. Bennett |

Defendants Braden John Karony and Thomas Smith ("Moving Defendants") jointly ask that the court stay this case pending the outcome of parallel criminal proceedings against the Moving Defendants (among others). As explained below, preservation of the Moving Defendants' Fifth Amendment Rights against self-incrimination, along with the fact that this case is already stayed as to the primary entity defendant—Safemoon US, LLC—warrants a limited stay of proceedings. Counsel for Plaintiffs has indicated that Plaintiffs do not oppose the requested stay.

## BACKGROUND

This is a case about Safemoon tokens—a type of cryptocurrency. Plaintiffs are individuals who allegedly purchased Safemoon tokens. Defendants include various Safemoon entities, Safemoon executives, and individuals who allegedly promoted Safemoon tokens.

Plaintiffs initially asserted a wide range of claims in this case, including securities claims, fraud-based claims, RICO claims, and tort claims. In May 2023, the Moving Defendants moved to dismiss all claims against them.[1]

While the Motions to Dismiss were pending, two things relevant to this Motion occurred. First, in November 2023 the United States filed an indictment against the Moving Defendants related to the same or similar conduct as in this case.[2] Second, in December 2023 the primary entity defendant in this case—Safemoon US, LLC—filed a Petition for Chapter 7 Bankruptcy in Bankruptcy Court for the District of Utah.

In January 2024, the Court responded to the pending bankruptcy by placing a stay on all proceedings as to Safemoon US, LLC, but allowing the case to continue as to the remaining parties. In March 2024, the Court issued a decision on the Motions to Dismiss, dismissing most of the claims against the Moving Defendants, and leaving just one claim against Thomas Smith and Safemoon LLC, and two claims against Karony. Both claims relate to one issue: whether Moving Defendants were required to register Safemoon tokens as a security, and if so, whether they improperly sold tokens to Plaintiffs. Plaintiffs elected not to amend in response to the Court's ruling. As such, answers are now due for all Defendants.[3]

In light of the recent indictments and bankruptcy filing, Moving Defendants now ask that this case be temporarily stayed. As explained below, this civil case poses a significant threat to Defendants' constitutional rights, as they are now faced with "the severe burden" of

---

[1] Dkts. 149, 150, 152, 156.
[2] *United States v. Karony et al.*, No. 1:23-cr-433 (E.D.N.Y. 2023).
[3] Plaintiffs recently agreed to extend Moving Defendants' answer deadlines until September 26.

being in "the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights, or risking conviction in their criminal cases by waiving their Fifth Amendment rights and testifying in the civil proceedings."[4] Indeed, a federal court in the Eastern District of New York recently stayed parallel civil SEC proceedings against Moving Defendants based on the pendency of criminal proceedings.[5] Moreover, the case is already stayed as to the primary entity defendant (Safemoon US, LLC), and it would be inefficient and ineffective to proceed with discovery now with the non-stayed parties, and then re-conduct that discovery later with Safemoon US, LLC. And because the case is in its infancy, a stay would cause minimal if any prejudice to any parties.

In short, a temporary stay of proceedings is in the best interest of the parties and the Court. The Court should grant the Motion and stay the case pending resolution of the criminal and bankruptcy proceedings.

## ARGUMENT

This Court has discretion to "stay a civil action until completion of a parallel criminal proceeding."[6] Parallel criminal proceedings present various reasons to stay civil proceedings, including "to protect either party from taking advantage of broader civil discovery rights," or "to prevent the exposure of the criminal defense strategy to the prosecution."[7] The primary consideration, however, is "the criminal defendant's potential waiver or invocation of his Fifth Amendment rights"—specifically, the risk of "placing the defendants in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights,

---

[4] *Hilda M. v. Brown*, No. 10-cv-2495-PAB-KMT, 2010 WL 5313755, at *2 (D. Colo. Dec. 20, 2010) (cleaned up).

[5] *See Securities and Exchange Commission v. Safemoon LLC*, 1:23-cv-8138 (E.D.N.Y. 2023), 6/5/24 Minute Order Granting Motion to Stay.

[6] *Trial Laws. Coll. v. Gerry Spence Trial Laws. Coll. at Thunderhead Ranch*, No. 1:20-CV-00080-JMC, 2021 WL 7287673, at *1 (D. Wyo. Oct. 21, 2021).

[7] *Berreth v. Frazee*, No. 19-CV-00027-PAB-KMT, 2019 WL 10250759, at *1 (D. Colo. Apr. 1, 2019).

or risking conviction in their criminal cases by waiving their Fifth Amendment rights and testifying in the civil proceedings."[8]

To that end, the role of the Court in deciding a motion to stay is "balanc[ing] the Plaintiff's interests in continuing progress in the litigation against the interests of the Defendants pertaining to their Fifth Amendment rights and the risk of prejudice in either the civil or criminal cases."[9] In determining that balance, Courts look to six factors: (1) the extent to which issues in the criminal case overlap with issues in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the interests of the plaintiff in proceeding or prejudice from delay; (4) the interests of and burden on the defendants; (5) the interests of the courts; and (6) the interests of the public.[10] As explained below, these factors favor a stay in this case.

**I.  THE ISSUES IN BOTH PROCEEDINGS OVERLAP.**

The first factor is the extent of overlap between proceedings. On this factor, "[a] criminal indictment and a civil proceeding stemming from the same incident creates the strongest case for granting a stay."[11] The focus here is on "the primary wrongful conduct alleged in both the criminal and civil cases."[12] And there need not be "complete overlap" in the proceedings; so long as "there is substantial overlap in the conduct at issue," including involving the same "time period" and the "same type of behavior and conduct," this factor weighs in favor of a stay.

In this case, there is significant overlap between civil and criminal proceedings. Both proceedings "stem[] from the same incident"—namely, the Moving Defendants' alleged

---

[8]  *U.S. S.E.C. v. Trujillo*, No. 09-CV-00403-MSK-KMT, 2010 WL 2232388, at *1–2 (D. Colo. June 1, 2010).
[9]  *Trial Laws. Coll.*, 2021 WL 7287673, at *1.
[10] *Id.*
[11] *Id.*
[12] *Hilda M.*, 2010 WL 5313755, at *3.

promotion and sale of tokens. The proceedings involve the same actors, the same "time period," and the "same type of behavior and conduct" (alleged marketing and sales of tokens). And the same issues will be present in each, including whether the token was a security, how individuals purchased tokens, where and when they purchased tokens, who sold or marketed the tokens, to whom, how the tokens were sold, and what role each Defendant had in that process. In short, the same facts and issues will be addressed in both proceedings. As such, there is significant risk that Moving Defendants will be forced in this case to testify about or invoke their Fifth Amendment rights regarding issues for which they are facing criminal liability in parallel proceedings. This factor weighs in favor of a stay.

II.  **AN INDICTMENT HAS BEEN FILED IN THE CRIMINAL CASE.**

The next factor is the status of the criminal case, and specifically, "if the Defendant[s] ha[ve] been indicted.[13] A "stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct."[14] Indeed, this is "[t]he strongest case for a stay" because "[t]he potential for self-incrimination is greatest during this stage," and "the potential harm to civil litigants arising from delaying them is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act."[15] Thus, following an indictment, "[t]his factor weighs heavily in favor of a stay," with many courts having stayed proceedings in the post-indictment context.[16]

---

[13] *Trial Laws. Coll.*, 2021 WL 7287673, at *2.
[14] *Berreth*, 2019 WL 10250759, at *2.
[15] *Hilda M.*, 2010 WL 5313755, at *4.
[16] *Id.*; *see, e.g.*, *Berreth*, 2019 WL 10250759, at *3 (granting stay following parallel criminal indictment); *Gordon*, 2009 WL 2252119, at *1-2 and 6 (same); *In Re Worldcom, Inc.*, 2002 WL 31729501, at *9; *Colmar Distributors Inc. v. New York Post Co. Inc.*, 152 F.R.D. 36 (S.D.N.Y.1993); *Midas International Corp. v. CV & G Trans. Services,* 1987 WL 18916 (N.D.Ill. Oct. 19, 1987); *Fidelity Funding of California v. Reinhold,* 190 F.R.D. 45, 48 (E.D.N.Y.1997) (staying civil case against defendant under indictment while denying stay as to his unindicted civil co-defendant); *c.f. United States v. Arnold*, No. Civ-07-753-C, 2008 WL 2037270, at *1 (W.D. Okla. May 8, 2008) (denying stay where a civil complaint had been filed but only a criminal investigation was underway).

In this case, an indictment has been returned against Moving Defendants related to the same or similar conduct as in this case.[17] Thus, a high potential for self-incrimination exists, as well as a likelihood that the criminal proceedings will be resolved expeditiously. Indeed, a parallel civil case against Moving Defendants filed by the SEC has already been stayed in light of criminal proceedings.[18] This factor "weighs heavily in favor of a stay."[19]

### III. PLAINTIFFS WILL SUFFER LITTLE IF ANY PREJUDICE.

The next factor looks to "the private interests of the Plaintiff in proceeding with litigation," "weighed against the prejudice to Plaintiffs caused by the delay."[20] On this factor, "[t]he longer the action has been pending, and the more complex the suit, the greater interest in resolution the Plaintiffs have so that they might collect on a judgment."[21] Also relevant is whether defendants are alleged to be "engaged in continuing misconduct or are hiding or otherwise depleting the funds that [plaintiffs] seek[] to claw back in this lawsuit."[22]

Plaintiffs in this case will suffer little or no harm from a stay. The case is in its infancy, with no party having yet answered. Moreover, there are no allegations that Moving Defendants are involved in continuing misconduct or depleting funds. To the contrary, the primary defendant with funds (Safemoon US, LLC) is in bankruptcy, and Plaintiffs have already moved forward with asserting claims against that entity in bankruptcy proceedings.[23] And while Plaintiffs, as in any case, likely wish to resolve their civil case sooner than later, that

---

[17] *United States v. Karony et al.*, No. 1:23-cr-433 (E.D.N.Y. 2023), Dkt. 1-4.
[18] *See Securities and Exchange Commission v. Safemoon LLC*, 1:23-cv-8138, 6/5/24 Minute Order Granting Motion to Stay.
[19] *Hilda M.*, 2010 WL 5313755, at *4.
[20] *Trial Laws. Coll.*, 2021 WL 7287673.
[21] *Id.*
[22] *Windham for Marquis Properties, LLC v. Snyder*, No. 218CV00063RJSEJF, 2018 WL 4100512, at *4 (D. Utah Aug. 28, 2018).
[23] *See Application for Entry of Order/Judgment*, Dkt. 182, Case No. 23-25749 (Bankr. D. Utah 2024).

alone is not sufficient, as a plaintiff's "interest in expeditious resolution of their case . . . is trumped by defendants' interests in avoiding the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case."[24] Finally, Plaintiffs do not oppose a stay in this case so long as they can move for preliminary and final approval of any settlements during the stay. This factor therefore weighs in favor of a stay.

### IV. MOVING DEFENDANTS WILL BE SEVERELY PREJUDICED WITHOUT A STAY.

The next factor looks to "the private interests and the burden upon the Defendant."[25] In this Circuit, where a defendant "refuses to testify in a civil action"—for example, in asserting a Fifth Amendment privilege against self-incrimination—"Plaintiffs are entitled to obtain a negative inference from the invocation of a deponent's Fifth Amendment privilege."[26] For this reason, civil defendants defending parallel criminal proceedings "clearly have an interest in avoiding the choice between waiving their Fifth Amendment rights or forfeiting a civil claim due to the adverse inference of invoking the Fifth Amendment in civil proceedings."[27] Other courts facing this question have therefore concluded that "[a] stay of . . . civil proceedings constitutes a necessary and hence appropriate safeguard of defendants' fifth amendment privilege," as "[d]efendants cannot, consistent with that privilege, be compelled to choose between waiving it, or suffering the practical equivalent of judgment by default in the civil case."[28]

The Moving Defendants here should not be forced into the "severe burden" of choosing between risking a loss in this civil case (through invocation of their constitutional rights)

---

[24] *Id.* (quoting *Transworld Mech.*, 86 F. Supp. At 1140) (cleaned up).
[25] *Trial Laws. Coll.*, 2021 WL 7287673, at *3.
[26] *In re Broiler Chicken Grower Antitrust Litig. (No. II)*, No. 620MD02977RJSCMR, 2021 WL 9098346, at *5 (E.D. Okla. Oct. 20, 2021) (cleaned up).
[27] *Id.*
[28] *Snyder*, 2018 WL 4100512, at *4 (quoting *Vardi Trading Co. v. Overseas Diamond Corp.*, No. 85 CIV. 2240 (CSH), 1987 WL 17662, at *2 (S.D.N.Y. Sept. 23, 1987) (unpublished)).

or a loss in the criminal case (through waiving them).[29] This risk is particularly acute because Moving Defendants have not yet been deposed, have not been subjected to any discovery, and have not even answered.[30] The Moving Defendants have a significant interest in preserving their constitutional rights, and "[t]his important interest outweighs Plaintiffs' legitimate interest in the expeditious resolution of their case."[31]

### V. THE COURT HAS AN INTEREST IN STAYING PROCEEDINGS.

The next factor looks to the Court's interests. Court's "have a strong interest in keeping litigation moving to conclusion."[32] They also, however, "have an interest in the resolution of parallel criminal proceedings," especially "if it could increase settlement possibilities or shrink the scope of discovery."[33] This is especially true where, as here, "the case is still in its very early stages," and defendants "ha[ve] not yet responded to the Complaint and th[e] court has not yet held a Scheduling Conference."[34] Finally, the Court "has a strong interest in ensuring that criminal prosecutions proceed quickly without constitutional improprieties."[35]

All of these considerations counsel in favor of a stay in this case. The case is still in the pleading stage, and allowing the criminal case to proceed could very well impact settlement or reduce the scope of discovery. Moreover, the Court has an interest here in

---

[29] *Hilda M.*, 2010 WL 5313755, at *2.

[30] *Howell v. Watkins*, No. 22-CV-00269-CMA-NYW, 2022 WL 1165774, at *3 (D. Colo. Apr. 20, 2022) ("The court notes that Mr. Watkins has not yet filed a responsive pleading in this case, and requiring him to do so may run the risk of jeopardizing his Fifth Amendment rights."); *c.f. Berreth*, 2019 WL 10250759, at *1 (denying stay where "Plaintiff waived her Fifth Amendment privilege with respect to the questions she answered during her deposition, which occurred before she filed her motion to stay.").

[31] *Hilda M.*, 2010 WL 5313755, at *2.

[32] *Trial Laws. Coll.*, 2021 WL 7287673, at *3.

[33] *Id.*

[34] *Howell*, 2022 WL 1165774, at *3.

[35] *Powell Valley Health Care, Inc. v. Healthtech Managment Servs., Inc.*, No. 12-CV-42-F, 2012 WL 12860569, at *2 (D. Wyo. Aug. 1, 2012).

safeguarding Moving Defendants' constitutional rights, and in the integrity of their parallel criminal proceedings. Finally, regardless of criminal proceedings, because the case is already stayed as to the primary entity defendant, proceeding with the case now would result in double discovery (now, and then again after the stay is lifted against Safemoon US, LLC), which is not in anyone's interest, including the Court's. This factor favors a stay.

### VI.  A STAY IS IN THE PUBLIC INTEREST.

The final factor is the public interest. While the public has an interest in the speedy resolution of proceedings, it also has an interest in the "just determination of the action."[36] The public also has an interest in the economic and efficient resolution of cases, which would be furthered by staying this case to prevent wasted court time and resources on duplicative discovery (now, and then again with Safemoon US after the bankruptcy stay is lifted). Further, the public "also has an interest in the integrity of criminal proceedings," which will be served by staying this case.[37] Finally, where, as here, there are "overlapping issues in the criminal and civil cases, the criminal prosecution will serve to advance the public interests at stake here."[38] As such, this factor favors a stay.

### CONCLUSION

In short, all six factors counsel in favor of staying this case pending resolution of the criminal and bankruptcy proceedings. There is significant overlap, with the same or similar facts being litigated in both cases. An indictment has been filed in the criminal case, jeopardizing the Moving Defendants' constitutional rights if this case proceeds. Moreover, because this case is in its infancy, and because it is already stayed as to the primary entity defendant, Plaintiffs, Defendants, and the Court will face little prejudice and increased efficiencies by staying this case. Finally, Plaintiffs do not oppose the stay. For these reasons, the Court should

---

[36]  *Berreth*, 2019 WL 10250759, at *2.
[37]  *Howell*, 2022 WL 1165774, at *3.
[38]  *Hilda M.*, 2010 WL 5313755, at *6.

grant the Motion and exercise its discretion to stay this case pending resolution of the parallel criminal and bankruptcy proceedings.

September 20, 2024

**HOGGAN LEE HUTCHINSON**

/s/ Trevor J. Lee

TREVOR J. LEE
*Attorney for Safemoon LLC; Safemoon US, LLC; Safemoon Connect, LLC; Safemoon Media Group Ltd; Tano LLC; and Braden John Karony*

**KUNZLER BEAN & ADAMSON, PC**

/s/ Taylor J. Smith
(signed with permission)

MATTHEW R. LEWIS
TAYLOR J. SMITH
*Attorneys for Thomas Smith*