# EXHIBIT 2

THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MARK COMBS, VLAD IACOB, and BENJAMIN NORTHEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAFEMOON LLC, SAFEMOON US, LLC, SAFEMOON CONNECT, LLC, TANO LLC, SAFEMOON LTD, SAFEMOON PROTOCOL LTD, SAFEMOON MEDIA GROUP LTD, BRADEN JOHN KARONY, JACK HAINES-DAVIES, HENRY "HANK" WYATT, JAKE PAUL, KYLE NAGY, DeANDRE CORTEZ WAY, BEN PHILLIPS, MILES PARKS McCOLLUM, THOMAS SMITH and DANIEL M. KEEM,<br><br>Defendants | Case No. 2:22-cv-00642-DBB-JCB<br><br><br>Assigned Judge: Hon. David Barlow<br>Referred Magistrate Judge: Jared C. Bennett |

## STIPULATION AND AGREEMENT OF SETTLEMENT AND RELEASE

This Stipulation and Agreement of Settlement and Release, dated February 4, 2026 (including any subsequent amendments thereto, the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiffs Mark Combs, Vlad Iacob, and Benjamin Northey ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), by and through Lead Counsel (defined below); and (ii) Defendant Daniel Keem by and through his Counsel. Lead Plaintiffs and Defendant Daniel Keem are referred to herein as the "Settling Parties." The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the approval of the District Court and the terms and conditions set forth in this Stipulation.

WHEREAS, on February 17, 2022, the above-captioned civil action (the "Action") was first filed in the United States District Court for the Central District of California against Defendant Daniel Keem, Safemoon US, LLC ("Safemoon") and other defendants, including SafeMoon's former CEO Braden Karony ("Karony").

WHEREAS, on June 7, 2022, the Lead Plaintiffs were appointed and Scott+Scott Attorneys at Law LLP was appointed as Lead Counsel.

WHEREAS, on October 5, 2022, the Action was transferred to the District of Utah and was thereafter assigned to the District Court Judge David Barlow.

WHEREAS, on March 17, 2023, the operative complaint was filed in the Action.

WHEREAS, rather than go through the time and expense of litigating motions to dismiss, the Parties explored early resolution and the Settling Parties entered into settlement negotiations.

WHEREAS, following protracted good faith, arm's length negotiation efforts, Lead Plaintiffs and Defendant Daniel Keem (collectively, the "Settling Parties", or simply the "Parties"), by and through their respective counsel, have reached a final agreement for the settlement of the Lead Plaintiffs' claims against Defendant Daniel Keem in the Action.

WHEREAS, notwithstanding their belief that the claims asserted in the Action have merit based on their extensive investigations, Lead Plaintiffs and their counsel, Scott+Scott, ("Lead Counsel") recognize and acknowledge that prosecuting the Action against Defendant Daniel Keem through any motions to dismiss, class certification, summary judgment, trial, post-trial motions, and appeals, would involve substantial expense, and likely years of further litigation; that even if they were to eventually prevail in full on their claims there was no assurance that they would be able to collect on any judgment they might obtain against Defendant Daniel Keem, and that accordingly they believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the risks of continued litigation and that it is fair, reasonable and adequate, and is in the best interests of the Class.

WHEREAS, notwithstanding his belief that the claims asserted against him in the Action lacked merit and that he had credible defenses to the claims asserted in the Action, Defendant Daniel Keem and his Counsel determined to enter into this Settlement, among other reasons, to avoid further expense, and the burden of protracted litigation, to avoid the distraction and diversion of time and resources, to avoid the risks of litigation, and to obtain a full release of all claims and potential claims from the Class Members (defined below).

NOW, THEREFORE, in consideration of the foregoing promises, and for good and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.    <u>The Action</u>

In the Action, Lead Plaintiffs allege that SafeMoon was a cryptocurrency and blockchain company based in Pleasant Grove, Utah that was created in March 2021; that concurrent with its inception, SafeMoon created and sold a SafeMoon token ("SFM Token") that trades on the BNB Smart Chain, Polygon, and Ethereum blockchains; and that the value of the SFM Token increased exponentially in its first month of existence, with the SFM Token's market capitalization reaching billions of dollars in April 2021.

On February 17, 2022, the Action was filed in the United States District Court for the Central District of California against Defendant Daniel Keem and numerous other parties. On June 7, 2022, the Lead Plaintiffs were appointed and Scott+Scott Attorneys at Law LLP was appointed as Lead Counsel. On October 5, 2022, the Action was transferred to the District of Utah and was thereafter assigned to Judge Barlow. On March 17, 2023, the operative complaint was filed.

Rather than go through the time and expense of litigating a motion to dismiss, the Settling Parties explored early resolution. Following protracted good faith, arm's length negotiation efforts, Lead Plaintiffs and Defendant Daniel Keem, by and through their respective counsel, reached a final agreement for the settlement of the Lead Plaintiffs' claims against Defendant Daniel Keem in the Action.

2.    <u>Definitions</u>.

The following terms, as used in this Stipulation, have the following meanings:

  a.  "Authorized Claimant" means a Class Member who has already submitted or submits to the Claims Administrator a timely and valid Proof of Claim, substantially similar in form to that attached to the Notice in Exhibit A-1 hereto, that is approved by the Claims Administrator in whole or in part and subject to Court approval.

  b.  "Bar Order" means the language set forth at ¶ 14 of the proposed Judgment attached hereto as **Exhibit B**.

  c.  "Claimant" means a Person who submits a Proof of Claim to the Claims Administrator seeking to share in the Settlement Fund.

  d.  "Claims Administrator" means the entity to be appointed by the Court to disseminate Notice to Class Members, as further provided herein, and administer the Settlement. The Parties agree to recommend to the Court that Stretto, Inc., be appointed to serve as the Claims Administrator, on such terms as Lead Counsel and Defendant Daniel Keem agree are fair and reasonable.

  e.  The "Class" or the "Settlement Class" means all persons and entities that purchased SFM Tokens from March 8, 2021 through November 1, 2023.

  f.  "Class Action Effective Date" means the first date by which all of the events and conditions specified in Paragraph 8 below have been met and have occurred.

  g.  "Class Member" or "Settlement Class Member" means any Person included in the definition of the Class or Settlement Class as set forth herein, and who

does not timely and validly opt out of the Class or Settlement Class in accordance with the exclusion procedure and deadline set by the Court.

h.      "Class Representatives" or "Settlement Class Representatives" means the Lead Plaintiffs Mark Combs, Vlad Iacob, and Benjamin Northey.

i.      "Complaint" means the First Amended Complaint filed March 17, 2023.

j.      "Court" or "District Court" means the United States District Court for the District of Utah.

k.      "Cryptocurrency" means a digital currency or crypto asset in which transactions are verified and records maintained by a decentralized system using cryptography, rather than by a centralized authority, including stablecoins, digital coins and tokens, such as security tokens, utility tokens and governance tokens.

l.      "Excluded Persons" means any named or previously named Defendant in this action, members of their immediate family, his legal representatives, heirs, successors or assigns, and any entity in which he has or had a controlling interest.

m.      "Final Court Approval" means the District Court has entered the Judgment in accordance with Paragraph 8 and the expiration of the time to appeal or seek re-argument, certification, certiorari, or other review with respect to such Judgment or, if any appeal, re-argument, writ of certiorari, or other review is filed and not dismissed, after such Judgment is upheld in all material respects and is no longer subject to re-argument, certification, certiorari, or other review.

n.      "Final Order Date" means the first business day after Final Court Approval is obtained.

o.      "Judgment" means the proposed judgment and final order of dismissal with prejudice to be rendered by the Court substantially in the form and content attached hereto as **Exhibit B**. "Judgment" also means, to the extent required by the context in this Stipulation, the "Alternate Judgment" as defined below.

p.      "Lead Counsel" means Scott+Scott Attorneys at Law LLP.

q.      "Net Settlement Fund" means the Settlement Fund less any Court-approved attorneys' fees and expenses awarded to Lead Counsel.

r.      "Notices" means collectively the (i) Notice of Pendency of Class Action and Proposed Settlement in substantially the same form attached as **Exhibit**

**A-1**, (the "Settlement Notice"); (ii) Notice of Motion for Attorneys' Fees and Expenses; and (iii) Summary Notice, substantially in the form attached as **Exhibit A-3**, all of which are to be distributed by the Claims Administrator to potential members of the Class via publication through social media channels, a dedicated settlement website, and on one of the following online Cryptocurrency media outlets: Coindesk, CoinTelegraph, and/or The Block. Lead Counsel also agrees to publish the Summary Notice via a press release on a newswire service.

s.    "Person" means an individual, entity, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and/or any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

t.    "Lead Plaintiffs" means Mark Combs, Vlad Iacob, and Benjamin Northey.

u.    "Plan of Allocation" means the plan for allocating the Net Settlement Fund described below, in the Notice, or in any alternate plan of allocation approved by the Court, whereby the Net Settlement Fund shall be distributed to Authorized Claimants.

v.    "Preliminary Approval Order" means an order by the Court substantially similar in form to **Exhibit A** hereto: (i) preliminarily approving the Settlement; (ii) approving the form of the Settlement Notice; and (iii) approving a plan for providing the Notices to Class Members by the Claims Administrator to potential members of the Class via publication through social media channels, a dedicated settlement website, and on one of the following online Cryptocurrency media outlets: Coindesk, CoinTelegraph, and/or The Block, Lead Counsel's publication via a press release on a newswire service, and/or such other method that is acceptable to the Claims Administrator and approved by the Court, that is practicable under the circumstances and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995.

w.    "Proof of Claim" and "Proof of Claim and Release" means a Proof of Claim and Release Form substantially in the form attached hereto as **Exhibit A-2**.

x.    "Released Claims" means all Released Defendant's Claims and all Releasing Lead Plaintiffs' Claims.

y.    "Releasing Lead Plaintiffs' Claims" means any and all individual or class claims, demands, losses, rights, and causes of action of any nature whatsoever, known or Unknown Claims, whether arising under federal,

state, common, or foreign law by the Releasing Lead Plaintiff Parties against the Released Defendant Parties, that have been or could have been asserted in the Action, or could in the future be asserted in any forum, domestic or foreign, or which arise out of, are based upon, or relate to in any way to (i) the purchase, sale, acquisition, or disposition of SFM Tokens and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action.  For the avoidance of doubt, Releasing Lead Plaintiffs' Claims do not include: (i) claims relating to the enforcement of the Settlement; (ii) any claims of Persons who submit a request for exclusion that is accepted by the Court; and (iii) any Releasing Lead Plaintiffs' Claims against third parties.

z.  "Releasing Lead Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiff, Lead Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, heirs, executors, and administrators of any Releasing Lead Plaintiff Party who is an individual, as well as any trust of which any Releasing Lead Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Releasing Lead Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

aa.  "Released Defendant" mean Defendant Daniel Keen.

bb.  "Released Defendant's Claims" means all claims and causes of action of any nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common, or foreign law, that the Released Defendant Parties could have asserted against the Releasing Lead Plaintiff Parties that arise out of, or relate in any way to, the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

cc.  "Released Defendant Parties" means Defendant Daniel Keem, and his Counsel. Released Defendant Parties also means, with respect to Defendant Daniel Keem and his Counsel, each of their respective past or present direct or indirect subsidiaries, parents, affiliates, principals, successors, and predecessors, assigns, officers, directors, controlling shareholders, underwriters, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, accountants, auditors, financial or investment advisors or consultants, insurers; the spouses, members of the immediate families, representatives, heirs, executors, and administrators.

P-4926-9353-1769.4-86C58.042                                    6

dd.    "Released Claims" means the Releasing Lead Plaintiffs' Claims and the Released Defendant's Claims.

ee.    "Released Parties" means the Released Defendant Parties and the Releasing Lead Plaintiff Parties.

ff.    "Releasing Parties" means each of the parties releasing a claim, as defined in this Stipulation.

gg.    "Settlement" means the settlement contemplated by this Stipulation.

hh.    "Settlement Fairness Hearings" means the hearings to be scheduled by the District Court to determine (i) whether the Settlement is fair, reasonable, and adequate; and (ii) consider Lead Counsel's request for an award of attorneys' fees and expenses, including an award to Lead Plaintiffs.

ii.    "Settlement Fund" means ninety thousand ($90,000) of cash.

jj.    "Settling Parties" or "Parties" means Lead Plaintiffs and Defendant Daniel Keem.

kk.    "SFM Token" means the SafeMoon, or SFM token, a digital asset that trades on the BNB Smart Chain, Polygon, and Ethereum blockchains.

ll.    "Unknown Claims" means any Releasing Lead Plaintiffs' Claims which Lead Plaintiffs, any other Settlement Class Member, or any other Releasing Lead Plaintiff Party does not know or suspect to exist in their favor at the time of the release of such claims, which, if known by them, might have affected their decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and any Released Defendant's Claims which the Released Defendant or any other Released Defendant Party does not know or suspect to exist in their favor at the time of the release of such claims, which, if known by them might have affected their decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Class Action Effective Date of the Settlement, Lead Plaintiffs and the Released Defendant shall expressly waive, and each of the other Settlement Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Releasing Lead Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts in addition to, or different from, those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Releasing Lead Plaintiffs' Claims or the Released Defendant's Claims, but the Settling Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Lead Plaintiff Party and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Class Action Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.

Lead Plaintiffs and Defendant Daniel Keem acknowledge, that the foregoing waiver was separately bargained for and a key element of the Settlement.

3.     <u>Certification of a Settlement Class</u>

a.     The Parties agree, for purposes of this Settlement only, that a settlement class should be certified consisting of all purchasers of SFM Token's from March 8, 2021 to November 1, 2023, but excluding any such individuals who timely elect to opt out of the Class (the "Settlement Class" and each a "Settlement Class Member"). The Parties also agree, for the purposes of this Settlement only, to appointment of Lead Plaintiffs Mark Combs, Vlad Iacob, and Benjamin Northey as Settlement Class Representatives and appointment of Scott+Scott as settlement class counsel ("Class Counsel").

4.     <u>Release</u>.

a.     Upon the Class Action Effective Date, the Releasing Lead Plaintiff Parties shall, pursuant to and by operation of the Judgment, fully, finally, and forever waive, release, relinquish, dismiss, and discharge the Releasing

Lead Plaintiffs' Claims and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Releasing Lead Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Releasing Lead Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.  Claims to enforce this Stipulation are not released.

b.   Any Proof of Claim and Release that is executed by Class Members shall release all Releasing Lead Plaintiffs' Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

c.   Upon the Class Action Effective Date, the Released Defendant Parties shall, pursuant to and by operation of the Judgment, fully, finally, and forever relinquish and discharge the Released Defendant's Claims against the Releasing Lead Plaintiff Parties.  Claims to enforce this Stipulation are not released.

5.   [Intentionally Omitted]

6.   <u>Settlement Fund</u>.

a.   "Settlement Fund" means the funds, comprising $90,000 cash, as consideration for the releases provided herein.

7.   <u>Preliminary Approval Order and Settlement Fairness Hearing</u>.

a.   As soon as practicable after execution of the Stipulation, Lead Plaintiffs shall submit this Stipulation together with its exhibits (the "Exhibits") to the District Court and apply for entry of the Preliminary Approval Order, substantially in the form of **Exhibit A** attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval of dissemination of the Settlement Notice and Proof of Claim and Summary Notice, substantially in the forms of **Exhibit A-1, A-2, and A-3** attached hereto.  Lead Plaintiffs shall file their motion for preliminary approval of this Stipulation in the District Court within two court days of when they file a motion for preliminary approval in the District Court of the Settlement Agreement between the Lead Plaintiffs and the Chapter 7 Trustee in *In re SafeMoon US LLC*, Case No. 23-25749 (Bankr. D. Utah) (the "Bankruptcy Settlement Agreement").  The Settling Parties shall cooperate in good faith to ensure that these two motions are, to the extent feasible and permitted by the District Court, filed and heard in a coordinated manner, including by aligning briefing schedules and requesting a

consolidated or sequential hearing schedule from the District Court if practicable.

b.    Lead Counsel shall request that the District Court hold the Settlement Fairness Hearing (to consider whether to finally approve the Settlement and Plan of Allocation) on a date no earlier than 90 days from the date of issuance of Notice to the Class. At or after the Settlement Fairness Hearing, Lead Counsel also will request that the District Court approve its Fee and Expense Application (defined below).

c.    Lead Plaintiffs shall, to the extent feasible and permitted by the District Court, prepare and disseminate coordinated notices to the Settlement Class describing this Settlement and the Bankruptcy Settlement Agreement, including: (i) consistent formatting, terminology, and cross-references between the notices; (ii) simultaneous dissemination through the same channels; and (iii) alignment of opt-out and objection deadlines.

d.    Any Class Member who wishes to opt out of the Class must submit to Lead Counsel a timely and valid written request (a "Request for Exclusion") on or before the opt-out deadline set forth in the Settlement Notice and Preliminary Approval Order. A Request for Exclusion must be signed by the Class Member and must comply with the other requirements set forth in the Notice and Preliminary Approval Order.

e.    If the Settlement contemplated by this Stipulation is approved by the District Court, Lead Counsel shall request that the District Court enter a Judgment substantially in the form annexed hereto as **Exhibit B**. The Settling Parties understand and agree that the entry of the Bar Order is integral to and an essential term of the Settlement and, as such, the Judgment will contain a bar order as specified in paragraph 14 of **Exhibit B** hereto.

f.    The Parties agree to cooperate to jointly secure the District Court's preliminary and final approval of the Settlement and will take all actions reasonably necessary to effectuate and implement the terms of the Settlement.

8.    <u>Conditions to Settlement</u>.

a.    The Settlement is conditioned on each of the following:

i.    Entry of the Preliminary Approval Order by the Court;

ii.    The District Court has entered the Judgment, or a judgment substantially in the form and content of **Exhibit B** attached hereto, or a judgment in a form other than that provided above acceptable to all of the Settling Parties (the "Alternate Judgment");

iii.    Final Court Approval by the District Court.

b.    Upon the occurrence of all of the events referenced in Paragraph 8.a hereof, any and all remaining interest or right of Defendant Daniel Keem in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.

9.    <u>Termination</u>.

a.    Defendant Daniel Keem and Lead Plaintiffs, through their respective counsel, shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of: (a) the Court's final non-appealable refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final non-appealable refusal to approve this Stipulation or any material part of it; (c) the Court's final non-appealable refusal to enter the Judgment in any material respect; or (d) the date upon which the Judgment is finally modified or reversed in any material respect by an appellate court.  Any orders with respect to Lead Counsel's Fee and Expense Application (defined below) shall not be a ground for termination of the Settlement or for the Settlement not becoming final.

b.    If the total United States dollar value of potential claims of class members who exclude themselves from the settlement (the "Opt-Out Claims Value," as calculated pursuant to the Supplemental Agreement) exceeds the confidential opt-out threshold set forth in the Confidential Supplemental Agreement Regarding Requests for Exclusion (the "Supplemental Agreement") of the United States dollar value of all potential claims of the class (the "Total Class Claims Value," as calculated pursuant to the Supplemental Agreement), Defendant Daniel Keem shall have the option, in his sole discretion, of terminating the Settlement, subject to the terms, conditions, and procedures specified in the Supplemental Agreement, executed contemporaneously herewith and incorporated herein by reference. The Supplemental Agreement shall be filed under seal with the Court for *in camera* review in connection with the motion for preliminary approval of the Settlement, and shall not be disclosed publicly except as required by law or court order.

10.    <u>Effect of Termination or Failure to Obtain Approval</u>.

If this Stipulation does not obtain final approval and the Judgment (or any Alternate Judgment) does not become final and non-appealable, or if the Stipulation is terminated pursuant to Paragraph 9, the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status as of January __, 2026, and the Action shall proceed in all respects as if this Stipulation and related

orders had not been executed and without prejudice in any way from the negotiation, terms, or existence of this Settlement.  Further, in that event:

    a.    This Settlement and all of the negotiations, discussions, and statements with respect hereto, shall be inadmissible in the Action for all purposes and shall not entitle any party to recover costs incurred in connection with the implementation of this Settlement.

    b.    All Parties reserve and have not waived any rights or arguments by entering into this Stipulation, including any arguments and/or defenses with respect to liability and class certification.

    c.    The Stipulation and any subsequent Settlement documents shall be null and void and inadmissible in any proceeding before any court or tribunal.

11.    <u>Administration of the Settlement Fund</u>.

    a.    The Court-appointed Claims Administrator, subject to such supervision and direction of the Court, shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  The Net Settlement Fund should be administered as follows:

        i.    To pay the amount awarded to Lead Counsel by the Court on their Fee and Expense Application;

        ii.    To pay the taxes and tax expenses described herein;

        iii.    as soon as practicable upon the Class Action Effective Date, distribute the balance of the Net Settlement Fund, to Class Members pursuant to the Plan of Allocation, which in short provides for pro rata distribution to Class Members; and

        iv.    ensure that Class Members receive no less than the Net Settlement Fund amount.

    b.    Each Class Member who fails to submit a valid and timely Request for Exclusion shall be deemed to have submitted to the jurisdiction of the Court with respect to their claim.

    c.    Upon the Class Action Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

d.      By the date set forth in the Notice or such other time as may be set by the Court, each Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form and content of **Exhibit A-2** hereto, with such documentation as required therein, and signed under penalty of perjury.

e.      Each Proof of Claim shall be reviewed by the Claims Administrator, and Lead Counsel, and the Claims Administrator shall determine in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each claim shall be allowed, subject to review by the Court.

f.      Proofs of Claim that do not meet the submission requirement may be rejected. Prior to rejecting a Proof of Claim, in whole or in part, the Claims Administrator shall communicate with the Claimant to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator shall notify in a timely fashion all Claimants whose claims it proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant has the right to a review by the Court if the Claimant so desires and complies with any applicable requirements, including those set forth in the next paragraph.

g.      If any Claimant whose timely claim has been rejected in whole or in part for a curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days of being given notice of such rejection, serve upon the Claims Administrator a statement of reasons indicating the Claimant's grounds for contesting the rejection along with supporting documentation. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

h.      Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim within the time set forth in the Notice, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel and Defendant Daniel Keem may, in their discretion, accept for processing late filed claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.  Lead Counsel and Defendant Daniel Keem shall have no liability for not accepting late claims. Any Class Member who fails to submit a Proof of Claim by the date approved by the Court shall be forever barred from receiving any payment pursuant to the Settlement (unless, by order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound

by all of the terms of the Settlement as set forth herein, including the terms of the Judgment and the release and covenant not to sue, and will be barred from bringing any action against the Released Parties. Further, each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim.

i.      Each Claimant who declines to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Class Member and the validity and amount of the Claimant's claim. In connection with processing the Proof of Claim and Releases, no discovery shall be allowed on the merits of the Litigation or the Settlement. All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment. All Class Members, other Claimants, and the Settling Parties expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

j.      Payment pursuant to the Settlement shall be deemed final and conclusive against all Class Members, and shall be conditioned upon filing an appropriate Proof of Claim, as set forth herein, including execution of the release and covenant not to sue. All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Settlement as set forth herein, including the terms of the Judgment and the release and covenant not to sue and will be barred from bringing any action against the Released Defendant Parties.

k.      The Claims Administrator shall calculate the claims of Authorized Claimants, determine the extent to which claims shall be allowed, and oversee distribution of the Net Settlement Fund in accordance with the Plan of Allocation approved by the Court, subject to appeal to, and jurisdiction of, the Court.

l.      Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his, her, or its claim to the extent allowed by the Settlement Administrator, subject to the terms and conditions herein (a "Recognized Claim"), compared to the total Recognized Claims of all accepted claimants.

m.  In addition to Paragraph 15 hereof, no Person shall have any claim against Lead Plaintiffs, Lead Counsel, Defendant Daniel Keem, his Counsel, or the Claims Administrator, based on distributions of the Settlement Fund made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court; and no Person shall have any claims against Defendant Daniel Keem or the Released Defendant Parties based on distributions of the Settlement Fund, whether or not made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

n.  The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after three (3) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is de minimis and no longer economically feasible to distribute to Class Members. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to Utah Legal Services, Inc., a 501(c)(3) nonprofit organization unaffiliated with Lead Counsel.

o.  It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation. Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.

p.  The provisions of the Stipulation regarding the administration of the Settlement Fund and distribution of the Net Settlement Fund to Authorized Claimants may be modified or adjusted as ordered or required by the Court for efficient claims administration.

q.  Upon the Class Action Effective Date, the Settlement shall be deemed final and conclusive against all Class Members in all respects, including, but not limited to, the execution of the release and covenant not to sue.

r.   Following the Class Action Effective Date, Defendant Daniel Keem shall
not have any reversionary interest in the Settlement Fund, *i.e.* this is not a
claims-made settlement.

s.   Defendant Daniel Keem shall have no financial responsibility in connection
with the Action apart from payment of the Settlement Fund. Without
limiting the foregoing, Defendant Daniel Keem shall have no financial
responsibility or liability whatsoever with respect to any plan of allocation
or any plan as may be approved by the Court; locating class members;
providing any notice to the class; soliciting, submitting, processing,
reviewing, determining or calculating any claims; administering and/or
distributing settlement funds, and/or paying escrow fees and costs, if any;
the distribution of the settlement funds; the payment or withholding of
taxes; Lead Counsels' attorneys' fees or expenses or any motions or
applications related thereto, or any losses incurred in connection with any
of the above. Defendant Daniel Keem's own legal fees, costs, and expenses
incurred in the Action shall be borne by Defendant Daniel Keem.

12.   Plan of Allocation

The Claims Administrator shall calculate the claims of Authorized Claimants, determine
the extent to which claims shall be allowed, and oversee distribution of the Net Settlement Fund
in accordance with the Plan of Allocation approved by the Court, subject to appeal to, and
jurisdiction of, the Court.

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund
based on his, her, or its claim to the extent allowed by the Claims Administrator, subject to the
terms and conditions herein (a "Recognized Claim"), compared to the total Recognized Claims of
all accepted claimants.

The Claims Administrator shall distribute the Net Settlement Fund pursuant to the
methodology developed by Lead Counsel, as informed by their advisors, which in sum provides
for the following plan of allocation:

a.   In full and final settlement of the claims asserted in the Action and in
consideration of the releases provided herein, upon the Class Action
Effective Date, Defendant Daniel Keem shall effectuate the transfer of the
Settlement Fund to a settlement account maintained by the Claims
Administrator for this purpose.

b.   The Claims Administrator will distribute the Net Settlement Fund to
Authorized Claimants on a *pro rata* basis based on the relative size of their
Recognized Claims. Specifically, a "Distribution Amount" will be
calculated for each Authorized Claimant, which shall be the Authorized
Claimant's Recognized Claim divided by the aggregate Recognized Claims

of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

c.    Class Members shall be entitled to a subsequent distribution such that each member of the Settlement Class will receive its share of the Net Settlement Fund (valued in U.S. dollars) on a *Pro Rata* basis. This *Pro Rata* distribution is calculated based on the value of the Class Member's claim in proportion to the total value of eligible Class Member claims in the aggregate.

d.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1. Until the Plan of Allocation is approved and its terms completed, the Settlement Fund is deemed held in *custodia legis* of the Court.

e.    Any Plan of Allocation shall not be deemed to be part of the Settlement, and in the event that the Court declines to approve the proposed plan of allocation, the Parties agree to cooperate in good faith to propose (and obtain approval of) an alternate plan of allocation.

13.    <u>Attorneys' Fees and Costs</u>.

a.    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to it from the Settlement Fund for: (a) an award of attorneys' fees and litigation expenses incurred in connection with prosecuting the Action and seeking approval of the Settlement through Final Court Approval, including any appeals, and providing the required Notices; and (b) an amount pursuant to 15 U.S.C. §77z-1(a)(4) in connection with Lead Plaintiffs' representation of the Class (the "Fee and Expense Award").

b.    Unless requested by the Court, Defendant Daniel Keem and his Counsel shall take no position on any application by Lead Counsel for an award of attorneys' fees, costs, or expenses in connection with this Settlement. Attorneys' fees, costs, and/or expenses awarded to Lead Counsel (including taxes thereon, as applicable) shall be paid solely out of, and shall not be in addition to, the Settlement Fund.

c.    The amount of the Fee and Expense Award ordered by the Court is within the discretion of the Court. Any Fee and Expense Award awarded by the Court shall be payable to Class Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses notwithstanding any objection or appeal thereto. This is subject to the joint and several obligations of all counsel and Lead Plaintiffs who receive any award of attorneys' fees, costs, and expenses to make full refunds or repayments to the Escrow Account, plus interest earned thereon,

if the award is lowered or the Settlement is disapproved by a final order not
subject to further review.

d.    The Settlement is not conditioned upon any award of attorneys' fees, costs,
or expenses to Lead Counsel.  Any order or proceedings relating to the
application for attorneys' fees, costs, and/or expenses, any appeal from any
order relating thereto or reversal or modification thereof, or any award that
is less than Lead Counsel requested, shall not operate to terminate or cancel
the Settlement, or affect or delay the finality of the Judgment approving the
Settlement.

14.    <u>Cooperation</u>

Defendant Daniel Keem will cooperate with Plaintiffs in good faith, which cooperation
will be limited to the following:

a.    Proffer: Following the Court's preliminary approval of the settlement,
Defendant Daniel Keem's counsel will meet with Lead Counsel to provide
a general description of Defendant Daniel Keem's dealings with Safemoon
personnel, other defendants, and/or the SFM Token, if any, including
identification of all relevant communications, transactions, other
documents. The subject matter of these discussions will be strictly
confidential and not shared or disclosed to any persons, entities, clients or
parties other than to Lead Counsel for Plaintiffs (i.e., it will be treated like
"CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY"
discovery materials and not shared with any other parties).

b.    Interview: Defendant Daniel Keem agrees to be interviewed by Lead
Counsel following  the Court's preliminary approval of the settlement, to
provide a complete and accurate description of Defendant Daniel Keem's
dealings with Safemoon personnel, other defendants, and/or the SFM
Token, if any, including identification of all relevant communications,
transactions, other documents. The interview will not be sworn, transcribed
or recorded. The subject matter of the interview will be strictly confidential
and not shared or disclosed to any persons, entities, clients or parties other
than to Lead Counsel for Plaintiffs (i.e., it will be treated like
"CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY"
discovery materials and not shared with any other parties).

c.    Document Production: Subject to any valid bases for non-production (e.g.,
privilege, etc.), production of complete set of documents and
communications related to Defendant Daniel Keem's alleged Safemoon
promotion and transactions, if any, in response to formal discovery requests
issued pursuant to the Federal Rules of Civil Procedure once formal
discovery commences in the Action. Defendant Daniel Keem's document
production will be pursuant to a protective order permitting Defendant

Daniel    Keem    to    designate    documents    as    "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY."

d.    Public Statements: The Parties and their counsel, and their respective agents and representatives, will not issue any press releases or proactively engage in any press or public relations efforts regarding the settlement beyond any Court-approved notice program. In response to any media inquiries, the Parties and their counsel, and their respective agents and representatives, may state only that they have no further comment. Except as set forth herein or as may be necessary to obtain Court approval of the settlement, the Parties and their counsel, and each of their respective agents, shall use their best efforts to keep all negotiations, discussions, acts performed, drafts, documents signed and proceedings in connection with the settlement confidential.

e.    Formal Discovery: Subject to any valid bases for non-production (e.g., privilege, etc.), Defendant Daniel Keem agrees to provide complete and truthful responses to formal discovery requests issued pursuant to the Federal Rules of Civil Procedure to the extent they are issued by Plaintiffs when formal discovery commences. Defendant Daniel Keem's responses to discovery will be pursuant to a protective order permitting Defendant Daniel Keem to designate documents or information as "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY."

f.    In the event that any follow-up information is reasonably required by Plaintiffs, Defendant Daniel Keem agrees to provide that truthful and complete information (to the extent he possesses it) subject to the confidentiality provisions outlined above.

15.    <u>No Admission</u>.

Throughout this Action, Defendant Daniel Keem has denied, and continues to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Defendant Daniel Keem has expressly denied, and continues to deny, that he committed any act or omission giving rise to any liability under Sections 5, 12, and 15 of the Securities Act of 1933, Sections 10(b) or 20(a) of the Securities Exchange Act 1934, or under the state law claims or any other claims asserted in the Complaint.  Specifically, Defendant Daniel Keem expressly has denied, and continues to deny, each and all of the claims alleged by Lead Plaintiffs in the Action, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendant Daniel Keem also has denied, and continues to deny, among other allegations, the allegations that Lead Plaintiffs or the Class Members have suffered any damages, that Defendant Daniel Keem sold unregistered securities, participated in a fraudulent scheme, or made any material misrepresentations or omissions, or that Lead Plaintiffs or the Class Members were harmed by the conduct alleged in the Action or that could have been alleged as part

of the Action. In addition, Defendant Daniel Keem maintains that he has meritorious defenses to the claims alleged in the securities litigation and any other claims that could be alleged.

The Parties agree that the proposed Settlement is a compromise of disputed claims and in no way represents, and may not be construed as, or received in evidence as, an admission of liability or an admission against interest or an admission of any wrongdoing whatsoever by the Defendant Daniel Keem. The Settlement shall not be construed as, or received in evidence as, an admission, concession, or presumption against the Lead Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendant Daniel Keem have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund. The Settlement and all negotiations, discussions, and proceedings in connection with the Settlement shall not create an inference of wrongdoing, and are inadmissible for any purpose other than the enforcement of the terms of this Settlement.

16. <u>Liability</u>. Neither the Parties nor their counsel shall have any liability for any act, omission, or determination of the Claims Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement Fund, the payment or withholding of any taxes, tax expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns, or otherwise.

17. <u>Costs</u>. Each party shall bear his, her, or its own costs, expenses, and legal fees, except as awarded to Lead Counsel from the Settlement Fund.

18. <u>Stay of Proceedings</u>. Pending Final Court Approval, the Parties shall not seek relief in any forum, and all proceedings in the Action shall be stayed and suspended, except that the Parties shall take all such action and file such papers as are necessary and appropriate to effect the consummation and approval of the Settlement. Pending Final Court Approval, subject to approval of the Court, all Class Members shall be barred and enjoined from prosecuting any of the Releasing Lead Plaintiffs' Claims against any of the Released Defendant Parties.

19. <u>CAFA Notice</u>. Pursuant to CAFA, no later than ten (10) calendar days after this Stipulation is filed with the Court, Defendant Daniel Keem shall complete or cause to be completed service on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S.C. §1715, and shall thereafter notify Lead Counsel as to completion of such service.

20. <u>Authority</u>. Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms, and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate. Each counsel or other Person executing this Stipulation, its Exhibits, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

21.    <u>No Privilege Waiver</u>.  Nothing in the Stipulation, or the negotiations relating thereto, is intended to, or shall be deemed to, constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, common interest protection, joint defense privilege, or work product protection.

22.    <u>No Disparagement</u>.  While maintaining their position that the claims asserted in the Action are meritorious, Lead Plaintiffs and Lead Counsel shall not make any public statement or statements (whether or not for attribution) that disparage the business, conduct, or reputation of Defendant Daniel Keem or his Counsel or that describe or characterize the discovery record in the Action more generally in a way that suggests that Lead Plaintiffs would have prevailed at trial.

23.    <u>Governing Law</u>.  This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Utah, without regard to Utah conflict of law rules.  All disputes regarding the existence, validity, or enforceability of this Stipulation shall be filed in the United States District Court for the District of Utah.  If any disputes arise out of the finalization of the settlement documentation or the Settlement itself prior to submission to the Court of the application for preliminary approval of the Settlement, those disputes will be resolved by the Court .

24.    <u>Party Notice</u>.  When this Stipulation requires or contemplates that one party shall give notice to another, notice shall be provided by e-mail and next-day (excluding weekends) express delivery service as follows:

      a.    If to Lead Plaintiffs and the Class, then to:

        SCOTT+SCOTT ATTORNEYS AT LAW LLP
        John T. Jasnoch
        600 W. Broadway, Suite 3300
        San Diego, CA 92101
        Telephone: 619-233-4565
        Facsimile: 619-233-0508
        jjasnoch@scott-scott.com

      b.    If to the Defendant Daniel Keem, then to:

        John Murphy & Associates
        John Murphy
        171 Madison Ave Ste 305
        New York, NY 10016
        Telephone: (646) 862-2012
            Email: jmurphy@johnmurphylaw.com

25.    <u>Successors</u>.  Except as otherwise provided herein, this Stipulation shall be binding upon, and shall inure to the benefit of, the Parties and their respective agents, successors, executors, heirs, and assigns.

26. <u>No Party Is the Drafter</u>. None of the Parties hereto shall be considered to be the drafter of this Stipulation or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof. All Parties agree that this Stipulation was drafted at arm's length, and that no parole or other evidence may be offered to explain, construe, contradict, or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which the Stipulation was made or executed.

27. <u>Calculation of Time Period</u>. All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a federal holiday, in which case the period shall run until the end of the next day that is not one of the aforementioned days. As used herein, "legal holiday" includes New Year's Day, Martin Luther King, Jr., Day, Presidents' Day, Memorial Day, Juneteenth, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a federal holiday.

28. <u>Entire Agreement</u>. This Stipulation, including the Exhibits thereto, contains the Parties' entire agreement, and supersedes any prior oral or written agreements, negotiations, and/or communications by the Parties on the subject matter hereof.

29. <u>Amendment; Waiver</u>. This Stipulation shall not be modified in any respect except by a writing executed by all the Parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party. The waiver by any party of any breach of this Stipulation shall not be deemed or construed as a waiver of any other prior, subsequent, or contemporaneous breach of this Stipulation.

30. <u>Federal Rule of Civil Procedure Rule 11 Compliance</u>. The Parties agree that each has fully complied with Rule 11 of the Federal Rules of Civil Procedure.

31. <u>Execution</u>. This Stipulation may be executed in counterparts by original signature, facsimile, electronic signature (including via DocuSign), or email transmission of a signed PDF copy, each of which shall constitute and be deemed one and the same instrument. Each of the attorneys executing this Stipulation on behalf of their respective client(s) hereby represents and warrants that they have full power and authority to do so.

**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**

_____
John T. Jasnoch
on behalf of Lead Plaintiffs Mark Combs,

**DEFENDANT DANIEL KEEM**

_____
Daniel Keem

P-4926-9353-1769 4:86C58-042                    22

Vlad Iacob, and Benjamin Northey

**Dated**: 2/4/2026

**Dated**: 02 / 04 / 2026 _____

APPROVED AS TO FORM:

**JOHN MURPHY & ASSOCIATES**

*John Murphy*
John Murphy
on behalf of Defendant Daniel Keem

**Dated**: 2/4/26 _____

# EXHIBIT A

(Proposed Order Preliminarily Approving Settlement and Providing for Notice)

<table>
<tr><td colspan="2" align="center">THE UNITED STATES DISTRICT COURT<br><br>DISTRICT OF UTAH</td></tr>
<tr>
<td>MARK COMBS, VLAD IACOB, and BENJAMIN NORTHEY, Individually and on Behalf of All Others Similarly Situated,<br><br>                                   Plaintiffs,<br><br>v.<br><br>SAFEMOON LLC, SAFEMOON US, LLC, SAFEMOON CONNECT, LLC, TANO LLC, SAFEMOON LTD, SAFEMOON PROTOCOL LTD, SAFEMOON MEDIA GROUP LTD, BRADEN JOHN KARONY, JACK HAINES-DAVIES, HENRY "HANK" WYATT, JAKE PAUL, KYLE NAGY, DeANDRE CORTEZ WAY, BEN PHILLIPS, MILES PARKS McCOLLUM, THOMAS SMITH and DANIEL M. KEEM,<br><br>                                   Defendants</td>
<td>Case No. 2:22-cv-00642-DBB-JCB<br><br><br>Assigned Judge: Hon. David Barlow<br>Referred Magistrate Judge: Jared C. Bennett</td>
</tr>
</table>

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the Lead Plaintiffs Mark Combs, Vlad Iacob, and Benjamin Northey ("Lead Plaintiffs"), on behalf of themselves and each Class Member (as defined below), by and through Lead Counsel (defined below); and Defendant Daniel Keem, by and through his Counsel, entered into a Stipulation of Settlement dated February 4, 2026 (the "Stipulation" or "Settlement"), which is subject to review and approval by this Court and which, together with the Exhibits thereto, sets forth the terms and conditions for the Settlement of the claims alleged in the above-entitled action (the "Action"); and the Court having read and considered the Stipulation and the accompanying documents; and the Parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation.

1

NOW, THEREFORE, IT IS HEREBY ORDERED, this ___ day of _____, 2026, that:

1.      The Court preliminarily finds that:

    (a)      the Settlement resulted from informed, extensive arm's-length negotiations;

    (b)      the Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class; and

    (c)      the Settlement Class shall be composed of all persons and entities that purchased SafeMoon (SFM) tokens from March 8, 2021 through November 1, 2023.

2.      A hearing (the "Settlement Fairness Hearing") is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, on a date no earlier than 90 days from the date notice is given pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"), on _____ __, 2026, at _____ a.m./p.m., for the following purposes:

    (a)      to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    (b)      to determine whether Judgment as provided under the Stipulation should be entered;

    (c)      to determine whether the proposed Plan of Allocation should be approved by the Court as fair, reasonable, and adequate;

    (d)      to consider Lead Counsel's Fee and Expense Application; and

    (e)      to rule upon such other matters as the Court may deem appropriate.

3.      The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class and may adjourn the Settlement Fairness Hearing

2

without further notice to the Class.  The Court reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved any Fee and Expense Award.

4.    The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action (the "Notice") and the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), annexed hereto as **Exhibits A-1** and **A-3**, respectively, as well as approval of the Proof of Claim and Release form, substantially in the form of **Exhibit A-2** attached hereto.

5.    The Court approves the appointment of Stretto, Inc. as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as follows:

(a) The Claims Administrator shall cause the Notice, substantially in the form annexed hereto, all of which are to be distributed by the Claims Administrator to known creditors on the bankruptcy creditor matrix in the proceeding pending the United States Bankruptcy Court for the District of Utah, entitled *In re SafeMoon US LLC*, Case No. 23-25749 (Bankr. D. Utah), and to other potential members of the Class via publication through social media channels, a dedicated settlement website, and on one of the following online Cryptocurrency media outlets: Coindesk, CoinTelegraph, and/or The Block.  Lead Counsel shall also publish the Summary Notice via a press release on a newswire service.

(b) The Claims Administrator shall post the Stipulation and the executed Order Preliminarily Approving Settlement and Providing for Notice on the settlement website.  The Claims Administrator shall post to the settlement

website the papers in support of the Settlement and the Fee and Expense Application after they are filed. The settlement website shall provide summary information regarding the case and Settlement and highlight important dates, including the date of the Settlement Fairness Hearing. All posted documents shall be available for downloading from the Settlement Website.

6. At least seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall file with the Court proof, by affidavit or declaration, of such service, which shall also describe the Claims Administrator's efforts to provide notice to Settlement Class Members in compliance with the specific requirements set forth above.

7. This Order and the Stipulation, whether the Settlement contemplated by the Stipulation is consummated or not, and any statements made or proceedings taken pursuant to them are not, shall not be deemed to be, and may not be argued to be or offered or received:

(a) Against any of the Released Defendant Parties or their legal counsel as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged in the First Amended Complaint (and earlier complaints filed in the Action, together the "Complaints") or the Action, or the validity of any claim that has been, or could have been, asserted against any of the Released Defendant Parties in the Complaints or the Action, or the deficiency of any defense that has been, or could have been, asserted in the Action, or of any wrongdoing or liability by any of the Released Defendant Parties, or any liability, fault, misrepresentation, or omission with respect

4

to any statement or written document approved or made by any of the Released Defendant Parties;

(b)     Against the Lead Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Lead Plaintiffs in the Complaints or the Action or of any lack of merit to the claims in the Complaints or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims in the Complaints or the Action;

(c)     Against the Released Defendant Parties, the Plaintiffs, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by the Released Defendant Parties, the Lead Plaintiffs, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against the Released Defendant Parties, the Lead Plaintiffs, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of the Stipulation by the Parties to such Stipulation;

(d)     Against the Released Defendant Parties or their legal counsel as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that any of the Lead Plaintiffs' claims have merit, or that any defenses asserted by the Released Defendant Parties are without merit,

or that the Settlement Amount represents the amount which could or would have been received after any trial of the Action against them;

(e)     Against the Lead Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Released Defendant have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; or

(f)     Against the Released Defendant Parties or their legal counsel as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that class certification is or was appropriate in this Action, except for purposes of the Settlement.

8.      The form and content of the Notice and the Summary Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the U.S. Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and other applicable law, and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9.      In order to be entitled to participate in the Net Settlement Fund, each Class Member shall take the following actions and be subject to the following conditions:

(a)     Within one hundred twenty (120) days after such time as set by the Court to disseminate notice to the Class, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form contained in **Exhibit A-2** attached hereto and as approved by the Court, supported by such documents as are specified in the Proof of Claim, and signed under penalty of perjury.

(b)     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth therein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed, but shall incur no liability for declining to accept a late-submitted claim.

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to the effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

10. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, whether or not they submit a Proof of Claim, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request shall, no later than twenty-one (21) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing, mail a Request for Exclusion in written form by First-Class Mail postmarked to the address designated in the Notice. Such Request for Exclusion shall indicate the name, address, email address, and telephone number of the person seeking exclusion, shall identify the wallet address(es) of any wallets used for purchases or sales of SafeMoon (SFM) Tokens purchased or otherwise acquired on or after March 8, 2021 and on or before November 1, 2023, shall state that the person requests to be excluded from the Class, and must be signed by such person. The Request for Exclusion shall not be effective unless it is made in writing, within the time stated above, and the exclusion is accepted by the Court. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

11. Upon receiving any Request for Exclusion, Lead Counsel shall promptly provide copies of such request(s) to Defendant Keem's counsel within seven (7) calendar days after receiving any Request for Exclusion.

12. Any Settlement Class Member and any other interested person may appear at the Settlement Fairness Hearing or by counsel and be heard, to the extent allowed by the Court, either in support of, or in opposition to, the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by

the Court in connection to such matters, unless postmarked no later than _____,

2026, which is twenty-one (21) calendar days prior to the date scheduled herein for the Settlement

Fairness Hearing, and provided such person files with the Court a statement of objection signed

by the objector, even if represented by counsel, setting forth: (i) whether the person is a Settlement

Class Member; (ii) to which part of the Stipulation the Settlement Class Member objects; and (iii)

the specific reason(s), if any, for such objection including any legal support the Settlement Class

Member wishes to bring to the Court's attention and any evidence the Settlement Class Member

wishes to introduce in support of such objection.  Such Settlement Class Member shall also provide

documentation sufficient to evidence their membership in the Settlement Class.  Settlement Class

Members wishing to appear in person at the Settlement Fairness Hearing must also submit a Notice

of Intention to Appear with the objection.  If the objector intends to appear at the Settlement

Fairness Hearing through counsel, the objection must be postmarked no later than

_____, 2026, which is twenty-one (21) calendar days prior to the date scheduled

herein for the Settlement Fairness Hearing, and the objection must also state the identity of all

attorneys who will appear at the Settlement Fairness Hearing and such counsel must submit a

Notice of Intention to Appear with the objection.  All objection materials must be sent to the

following:

| COURT | CLASS COUNSEL | DEFENDANT KEEM'S COUNSEL |
|---|---|---|
| Clerk of the Court United States District Court for the District of Utah Orrin G. Hatch United States Courthouse 351 South West Temple, Rm. 10.420 Salt Lake City, Utah 84101 | John T. Jasnoch Scott+Scott Attorneys at Law LLP 600 W. Broadway, Suite 3300 San Diego, CA 92101 jjasnoch@scott-scott.com | John Murphy John Murphy & Associates 171 Madison Ave, Ste 305 New York, NY 10016 Telephone: (619) 238-4857 Email: jmurphy@johnmurphylaw.com |

13.     All papers in support of the Settlement and any Fee and Expense Application shall be filed and served fourteen (14) calendar days prior to the deadline in Paragraph 12 for objections to be filed.  All reply papers shall be filed and served at least seven (7) calendar days prior to the Settlement Fairness Hearing.

14.     Any Person who is excluded from the Class by virtue of having submitted a valid and timely Request for Exclusion may, at any point up to the day of the Settlement Fairness Hearing, submit a written revocation of Request for Exclusion following the same instructions in Paragraph 10 above.

15.     The Court approves the appointment of the Claims Administrator as the escrow agent to manage the Settlement Fund for the benefit of the Settlement Class.

16.     Upon payment of the Settlement Amount ($90,000) to the Claims Administrator by or on behalf of Defendant Keem, the Settlement Fund shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17.     Defendant Keem's Counsel and Lead Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

18.     Pending final determination of whether the Settlement should be approved, this Action shall be stayed and the Plaintiffs, all Class Members, and any Person claiming through or on behalf of them, shall not institute, commence, maintain, or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting, any proceeding in any court or tribunal that asserts any Releasing Lead Plaintiffs' Claims against any Released Defendant Party, except that the Parties shall take all such actions and file such papers as are necessary and appropriate to effect the consummation and approval of the Settlement.

19.    All reasonable expenses incurred in notifying Class Members shall be paid as set forth in the Stipulation.

20.    If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Plaintiffs or Defendant Keem elects to terminate the Settlement, then the Stipulation, including any amendment(s) thereof, shall be null and void, of no further force or effect without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceeding by any person or entity for any purpose, and each party shall be restored to their respective position as it existed on February 4, 2026.

21.    No Person shall have any claim against Lead Plaintiffs, Lead Counsel, the Settlement Class Members, the Claims Administrator, Defendant Keem, the Released Defendant Parties, or any other agent designated by the Claims Administrator based on distributions of the Settlement Fund, whether or not made substantially in accordance with the Stipulation and the Settlement contained therein.

22.    Pursuant to CAFA, Defendant Keem and Defendant Keem's Counsel shall take reasonable steps to complete service promptly on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S.C. §1715, and shall thereafter notify Lead Counsel as to completion of such service.

23.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or connected with, the Settlement.  The Court may approve the Settlement,

with such modifications as may be agreed by the Settling Parties, if appropriate, without further

notice to the Class.


DATED: _____          _____

                                        DAVID BARLOW, U.S.D.J.
                                        DISTRICT OF UTAH

# EXHIBIT A-1

(Notice)

<table>
<tr><td colspan="2" align="center">THE UNITED STATES DISTRICT COURT<br><br>DISTRICT OF UTAH</td></tr>
</table>

| | |
|---|---|
| MARK COMBS, VLAD IACOB, and BENJAMIN NORTHEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAFEMOON LLC, SAFEMOON US, LLC, SAFEMOON CONNECT, LLC, TANO LLC, SAFEMOON LTD, SAFEMOON PROTOCOL LTD, SAFEMOON MEDIA GROUP LTD, BRADEN JOHN KARONY, JACK HAINES-DAVIES, HENRY "HANK" WYATT, JAKE PAUL, KYLE NAGY, DeANDRE CORTEZ WAY, BEN PHILLIPS, MILES PARKS McCOLLUM, THOMAS SMITH and DANIEL M. KEEM,<br><br>Defendants | Case No. 2:22-cv-00642-DBB-JCB<br><br><br>Assigned Judge: Hon. David Barlow<br>Referred Magistrate Judge: Jared C. Bennett |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT
## OF CLASS ACTION

**TO:    ALL PERSONS AND ENTITIES THAT PURCHASED SAFEMOON (SFM) TOKENS FROM MARCH 8, 2021 THROUGH NOVEMBER 1, 2023[1]**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**WHY SHOULD I READ THIS NOTICE?**

This Notice is given pursuant to an order issued by the United States District Court for the District of Utah (the "Court"). This Notice serves to inform you of the proposed settlement of the

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement and Release dated _____ 2026 (the "Stipulation"), which is available at www.SafeMoonSettlement.com.

above class action lawsuit (the "Settlement") for $90,000 in cash, which Class Members may be eligible to participate in, and the hearing (the "Settlement Fairness Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation. The Stipulation is by and between: (i) Lead Plaintiffs Mark Combs, Vlad Iacob, and Benjamin Northey, on behalf of themselves and each Class Member (as defined below), by and through Lead Counsel (defined below); and (ii) Defendant Daniel Keem, by and through his Counsel. Upon and subject to the terms and conditions hereof, Lead Plaintiffs, on behalf of themselves and the Class, on the one hand, and Defendant Daniel Keem, on the other hand (collectively, "Settling Parties"), intend this Settlement to be a final and complete resolution of all disputes between the Settling Parties with respect to the Action. This Notice is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **ACTIONS YOU MAY PURSUE** | **EFFECT OF TAKING THIS ACTION** |
| **SUBMIT A PROOF OF CLAIM FORM POSTMARKED (IF MAILED) OR RECEIVED (IF FILED VIA EMAIL OR ONLINE) NO LATER THAN ___, 2026.** | Get payment. You will not have a right to pursue any other lawsuit against Defendant Daniel Keem and the Released Defendants and Released Parties relating to this case. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION POSTMARKED NO LATER THAN ___, 2026.** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendant Daniel Keem and the Released Parties relating to this case. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION POSTMARKED NO LATER THAN _____, 2026.** | Write to the Court about why you don't like the Settlement. |
| **ATTEND THE SETTLEMENT FAIRNESS HEARING ON _____, 2026 AT _____.** | Speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up your rights. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to Authorized Claimants, in accordance with the Plan of Allocation set forth below, if the Court approves the Settlement and, if there are any appeals, after the appeals are resolved. Please be patient.

**WHAT IS THIS LAWSUIT ABOUT?**

**The Allegations and Status of the Case**

In the Action, Lead Plaintiffs allege as follows: SafeMoon was a cryptocurrency and blockchain company based in Pleasant Grove, Utah that was created in March 2021. The value of the SFM Token increased exponentially in its first month of existence, with the SafeMoon Token's market capitalization reaching billions of dollars in April 2021. Over time, however, allegations that SafeMoon's principals made misrepresentations and engaged in other alleged misconduct led to a sharp reduction in the market price of the SFM Tokens.

On February 17, 2022, the Action was filed in the United States District Court for the Central District of California against the SafeMoon entities, and numerous other parties, including Defendant Daniel Keem. On June 7, 2022, the Lead Plaintiffs were appointed and Scott+Scott Attorneys at Law LLP was appointed as Lead Counsel. On October 5, 2022, the Action was transferred to the District of Utah and was thereafter assigned to Judge Barlow. On March 17, 2023, the operative complaint was filed.

Rather than go through the time and expense of litigating a motion to dismiss, the Settling Parties explored early resolution. Following protracted good faith, arm's length negotiation efforts, Lead Plaintiffs and Defendant Daniel Keem, by and through their respective counsel, reached a final agreement for the settlement of the Lead Plaintiffs' claims against Defendant Daniel Keem in the Action.

Throughout this Action, Defendant Daniel Keem has denied, and continues to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendant Daniel Keem has expressly denied, and continues to deny, that he committed any act or omission giving rise to any liability under Sections 5, 12, and 15 of the Securities Act of 1933, Sections 10(b) or 20(a) of the Securities Exchange Act 1934, or under the state law claims or any other claims asserted in the Complaint. Specifically, Defendant Daniel Keem expressly has denied, and continues to deny, each and all of the claims alleged by Lead Plaintiffs in the Action, including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendant Daniel Keem also has denied, and continues to deny, among other allegations, the allegations that Lead Plaintiffs or the Class Members have suffered any damages, that Defendant Daniel Keem solicited unregistered securities, participated in a fraudulent scheme, or made any material misrepresentations or omissions, or that Lead Plaintiffs or the Class Members were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. In addition, Defendant Daniel Keem maintains that he has meritorious defenses to the claims made in the Action and any other claims that could be alleged in the Action.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANT DANIEL KEEM IS LIABLE TO LEAD PLAINTIFFS OR THE CLASS. THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THIS LAWSUIT OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED. THIS NOTICE IS SOLELY TO**

ADVISE YOU OF THE PENDENCY OF THE ACTION AND PROPOSED SETTLEMENT THEREOF AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.

**HOW DO I KNOW IF I AM A CLASS MEMBER?**

If you purchased or otherwise acquired SafeMoon (SFM) Tokens between March 8, 2021 and November 1, 2023, inclusive, you may be a Class Member. As set forth in the Stipulation, excluded from the Class are any persons named as Defendants in the operative complaint, including SafeMoon's founders, former officers and directors, members of their immediate families, legal representatives, heirs, successors or assigns, and any entity in which they have or had a controlling interest.

If you are not sure if you are a Class Member, you can ask for free help. You can contact the Claims Administrator at 1-800-xxx-xxxx, or John T. Jasnoch, a representative of Lead Counsel, at 1-800-332-2259. You can also fill out and return the Proof of Claim enclosed with this Notice.

**PLEASE NOTE:** Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice, as directed herein.

**WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?**

The Settlement, if approved, will result in the creation of a cash settlement fund consisting of an initial payment of $90,000 cash (the "Settlement Fund"), which will be deposited in a separate, interest-bearing account. The Settlement Fund, plus accrued interest and minus any attorneys' fees and expenses that may be approved by the Court (the "Net Settlement Fund"), will be distributed to Class Members pursuant to the Plan of Distribution that is described in the next section of this Notice.

Should the Court award attorneys' fees and expenses of up to 33% of the Settlement Fund (or $29,000), the Net Settlement Fund will be approximately $61,000.

Additionally, a Class Member's actual recovery will be a pro rata proportion of the Net Settlement Fund determined by that Claimant's recognized claim as compared to the total recognized claims submitted. An individual Class Member may also receive more or less depending on the value of claims submitted by all Class Members, and on whether the individual's SFM Tokens were held or sold, and, if sold, when they were sold and the amount received. See the Plan of Allocation below for more information on how claims are calculated.

**WHAT IS THE PROPOSED PLAN OF DISTRIBUTION?**

Lead Counsel has consulted with their experts in developing the Plan of Allocation, which determines the amount that an Authorized Claimant may recover. The calculation of claims is not

an estimate of actual damages or the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

Tradable SafeMoon (SFM) tokens purchased or otherwise acquired on or after March 8, 2021 and on or before November 1, 2023 (collectively, the "Eligible Tokens") are potentially eligible for recovery. The recovery for each purchased token will be based on their Recognized Loss and resulting total value of each Authorized Claimant's Recognized Claim (as a percentage of the Aggregate Recognized claims of all Authorized Claimants), as set forth below.

### A.    Calculation of Recognized Losses on Eligible Tokens

For each Eligible Token, the Recognized Loss for each such share shall be calculated as set forth below. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero and the Claimant shall not be entitled to any recovery from the Settlement Fund.

For Eligible Tokens purchased on or after March 8, 2021 and on or before November 1, 2023, inclusive, the Recognized Loss shall be equal to (a) the amount the Claimant paid for the Eligible Token(s) during that period, **less** (b) the amount, if any, the Claimant received in any sale of such Eligible Tokens on or before December 14, 2023. The value of any Cryptocurrency used to acquire Eligible Tokens – or received in a sale of Eligible Tokens – shall be converted to U.S. dollars based on the market price of such Cryptocurrency on the applicable acquisition or sale date.

### B.    Additional Provisions Relating to the Calculation of Recognized Losses

For Class Members who made multiple purchases (and/or acquisitions) and/or sales of Eligible Tokens during the Class Period, the First-In, First-Out ("FIFO") method will be applied to purchases (and/or acquisitions) and sales for purposes of calculating a claim. Under the FIFO method, sales of SafeMoon tokens during the Class Period will be matched in chronological order against SafeMoon Tokens purchased or otherwise acquired during the Class Period.

All purchase, acquisition, and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Eligible Tokens during the Class Period shall not be deemed a purchase or sale of such shares for the calculation of a Claimant's Recognized Claim, nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment, or if the donor or decedent purchased or otherwise acquired such Eligible Tokens during the Class Period and no Proof of Claim form was submitted by or on behalf of the donor, on behalf of the decedent, or anyone else with respect to such Eligible Tokens.

### C.    Allocation of Net Settlement Proceeds Based on Recognized Losses

A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss amounts for their Eligible Tokens, as determined in accordance with §§A and B above.

To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Eligible Tokens during the Class Period, the value of the Claimant's Recognized Claim shall be zero, but such Claimants shall in any event be bound by the Settlement. For the purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount and (ii) the sum of the Claimant's Sales Proceeds.

To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in SafeMoon Tokens purchased during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the aggregate Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

The Net Settlement Fund will not be distributed to Class Members unless and until the Court has (a) approved the Settlement; and (b) the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired. Approval of the Settlement is separate from approval of this or any other plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

Each Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its claim. Payment pursuant to the Plan of Distribution set forth above shall be conclusive against all Class Members.

You should contact the Claims Administrator or Lead Counsel if you disagree with any determinations that may be made by the Claims Administrator regarding your Claim Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request. Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement

## MUST I CONTACT LEAD COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND?

No. If you have received this Notice and timely submit your Proof of Claim to the address or email address designated on the Proof of Claim form accompanying this Notice, you need not contact Lead Counsel. If you did not receive this Notice but believe you should have, or if your address changes, please contact the Claims Administrator at:

Safemoon Settlement

Claims Administrator
c/o Stretto Inc.
PO BOX –
Address
info@safemoonsettlement.com

**THERE WILL BE NO PAYMENTS IF THE STIPULATION IS TERMINATED**

The Stipulation may be terminated under several circumstances outlined in it. If the Stipulation is terminated, the Action will proceed as if the Stipulation had not been entered into.

**WHAT ARE THE REASONS FOR SETTLEMENT?**

The Court has not reached any final decisions regarding the merits of the claims or defenses asserted in the Action. Instead, the Lead Plaintiffs and Defendant Daniel Keem have agreed to this Settlement, which was negotiated arms-length with experienced counsel. In reaching the Settlement, the Parties have avoided the cost, delay, and uncertainty of further litigation.

As in any litigation, Lead Plaintiffs and the Class would face an uncertain outcome if they did not agree to the Settlement. The Parties expected that the case could continue for an intense and longer period of time, delaying any possible recovery for the Class. Continuation of the case against Defendant Daniel Keem could result in a judgment greater than this Settlement. Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement. Furthermore, even if the Class were successful, there would be a significant risk on appeal.

Lead Plaintiffs and Lead Counsel believe that this Settlement is fair and reasonable to the Members of the Class. They have reached this conclusion for several reasons. Specifically, if the Settlement is approved, the Class will receive a significant monetary recovery. Additionally, Lead Counsel believes that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay, and uncertainty of continued litigation and of any recovery, are an excellent result for the Class.

**WHO REPRESENTS THE CLASS?**

The law firm of Scott+Scott Attorneys at Law LLP represent you and other Class Members. These lawyers are called Lead Counsel. These lawyers will apply to the Court for payment of attorneys' fees and expenses from the Settlement Fund; you will not be otherwise charged for their work. If you want to be represented by your own lawyer, you may hire one at your own expense.

**HOW WILL LEAD COUNSEL BE PAID?**

Lead Counsel will file a motion for an award of attorneys' fees and expenses that will be considered at the Settlement Fairness Hearing. Lead Counsel will apply for an award not to exceed

$66,000. This sum may be approved by the Court and will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. Lead Counsel has committed significant time and expenses in litigating this case for the benefit of the Class. To date, Lead Counsel have not been paid for their services in conducting this Action on behalf of the Lead Plaintiffs and the Class, or for their expenses. The fees requested will compensate Lead Counsel for their work in achieving the Settlement. The Court will decide what constitutes a reasonable fee award and may award less than the amount requested by Lead Counsel.

## CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

If you want to keep the right to sue or continue to sue Defendant Daniel Keem on your own about the legal issues in this case, then you must take steps to get out of the Class. This is called excluding yourself from, or "opting out" of, the Class.

To exclude yourself from the Class, you must send a letter by mail saying that you want to be excluded from the Class in the following action: *Combs, et al. v. SafeMoon LLC, et al.*, Case No. 2:22-cv-00642-DBB-JCB (D. Utah). Be sure to include your name, address, e-mail address, telephone number, wallet address(es) of any wallets used for purchases or sales of Eligible Tokens, and sign the letter. Your exclusion request must be postmarked no later than _____, 2026 and sent to Lead Counsel at the address listed on Page __.

You cannot exclude yourself by phone or by e-mail. If you make a proper request for exclusion, you will not receive a Settlement payment, and you cannot object to the Settlement. If you make a proper request for exclusion, you will not be legally bound by anything that happens in this lawsuit. If you wish to be excluded from the Settlement Class, submit a request for exclusion only and do not submit an objection to the Settlement. If you do submit both a request for exclusion and an objection to the Settlement, your objection will be disregarded.

## CAN I OBJECT TO THE SETTLEMENT, THE REQUESTED ATTORNEYS' FEES AND EXPENSES, AND/OR PAYMENT TO LEAD PLAINTIFFS?

Yes. If you are a Class Member, you may object to the terms of the Settlement. Whether or not you object to the terms of the Settlement, you may also object to the requested attorneys' fees, costs, and expenses, and/or application for an award to the Lead Plaintiffs for their time and expenses. To object, you must write to the Court setting out your objection in the case known as *Combs, et al. v. SafeMoon LLC, et al.*, Case No. 2:22-cv-00642-DBB-JCB (D. Utah) stating why you think the Court should not approve any part or all of the Settlement, the requested attorneys' fees, costs, and expenses, and/or application for an award to the Lead Plaintiffs for their time and expenses. You must include your name, address, telephone number, and your signature; include documents sufficient to prove your membership in the Class. Your letter must also state the specific reasons why you object, including any legal or evidentiary support for your objection.

Your objection must state whether it applies only to you, to a specific subset of the Class, or to the entire Class.

Your objection must be filed with the United States District Court for the Southern District of Utah by hand or by mail at the address listed below such that it is **received on or before _____, 2026**, at the address set forth below. You must also serve the papers on Lead Counsel and Defendant's Counsel at the addresses set forth below so that the papers are **received on or before _____, 2026**.

| COURT | LEAD COUNSEL | DEFENDANT'S COUNSEL |
|---|---|---|
| Clerk of the Court United States District Court for the District of Utah<br><br>Orrin G. Hatch United States Courthouse 351 South West Temple, Rm. 10.430 Salt Lake City, Utah 84101 | John T. Jasnoch Scott+Scott Attorneys at Law 600 W. Broadway, Suite 3300 San Diego, CA 92101 Telephone: 619-233-4565 Facsimile: 619-233-0508 jjasnoch@scott-scott.com | John Murphy & Associates John Murphy 171 Madison Ave Ste 305 New York, NY 10016 Telephone: (646) 862-2012 Email: jmurphy@johnmurphylaw.com (Counsel for Defendant Daniel Keem) |

Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will not be able to appear separately at the Settlement Hearing or to make any objection to the Settlement, the application for attorneys' fees, costs, and expenses, and/or application for an award to the Class Representative for their time and expenses.

If you hire an attorney (at your own expense) to represent you for purpose of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the addresses set out above) by no later than _____, 2026.

**WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF FROM THE SETTLEMENT?**

Objecting is telling the Court that you do not like something about the proposed Settlement, Lead Counsel's request for an award of attorneys' fees and expenses, or an award to the Lead Plaintiffs for their time and expenses. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class or participate in the recovery. If you exclude yourself, you have no basis to object because the case no longer applies to you.

**HOW CAN I GET A PAYMENT?**

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release Form ("Proof of Claim") by mail (postmarked no later

than _____, 2026), or electronically at the following website:
www.SafeMoonSettlement.com, or by email at the following email address:
info@safemoonsettlement.com, no later than _____, 2026. The address for mailing the
proof of claim is:

Safemoon Settlement
Claims Administrator
c/o Stretto Inc.
PO BOX –
Address

Your failure to submit your Proof of Claim by _____, 2026, will subject your
claim to possible rejection and may preclude you from receiving any of the recovery in connection
with the Settlement of this Action. If you do not submit a valid Proof of Claim, you will not
receive a payment from the Net Settlement Fund; however, unless you expressly exclude yourself
from the Class as described above, you will still be bound in all other respects by the Settlement,
the Judgment, and the releases contained in them.

## WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot
sue, continue to sue, or be part of any other lawsuit against Defendant Daniel Keem relating to
securities claims involving the purchase or other acquisition of the SafeMoon (SFM) Tokens at
issue in this case. It also means that all of the Court's orders will apply to you and legally bind
you and you will fully, finally, and forever release the Releasing Lead Plaintiff Claims in this case.

"Released Claims" means all Released Defendant's Claims and all Releasing Lead Plaintiff
Claims.

"Releasing Lead Plaintiffs' Claims" means any and all individual or class claims, demands,
losses, rights, and causes of action of any nature whatsoever, known or Unknown Claims, whether
arising under federal, state, common, or foreign law by the Releasing Lead Plaintiff Parties against
any of the Released Defendant Parties, that have been or could have been asserted in the Action,
or could in the future be asserted in any forum, domestic or foreign, or which arise out of, are
based upon, or relate to in any way to (i) the purchase, sale, acquisition, or disposition of SafeMoon
or SFM Tokens and (ii) any of the allegations, acts, transactions, facts, events, matters,
occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action.
For the avoidance of doubt, Releasing Lead Plaintiffs' Claims do not include: (i) claims relating
to the enforcement of the Settlement; (ii) any claims of Persons who submit a request for exclusion
that is accepted by the Court; and (iii) any Releasing Lead Plaintiffs' Claims against third parties,
including those who acted in concert with or aided and abetted any wrongdoing by Defendant
Daniel Keem.

"Releasing Plaintiff Parties" means each and every Settlement Class Member, Lead
Plaintiff, Lead Counsel, and each of their respective past or present trustees, officers, directors,
partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors,

10

assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, heirs, executors, and administrators of any Releasing Lead Plaintiff Party who is an individual, as well as any trust of which any Releasing Lead Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Releasing Lead Plaintiff Parties does not include ---, or any Person who timely and validly seeks exclusion from the Settlement Class.

"Released Defendant" means Defendant Daniel Keem.

"Released Defendant's Claims" means all claims and causes of action of any nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common, or foreign law, that Released Defendants could have asserted against the Releasing Lead Plaintiff Parties that arise out of, or relate in any way to, the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

"Released Defendant Parties" means Defendant Daniel Keem, and his Counsel. Released Defendant Parties also means, with respect to Defendant Daniel Keem and his Counsel, each of their respective past or present direct or indirect subsidiaries, parents, affiliates, principals, successors, and predecessors, assigns, officers, directors, controlling shareholders, underwriters, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, accountants, auditors, financial or investment advisors or consultants, insurers; the spouses, members of the immediate families, representatives, heirs, executors, and administrators of Defendant Daniel Keem and his Counsel.

"Released Parties" means the Released Defendant Parties and the Releasing Lead Plaintiffs Parties.

"Releasing Parties" means each of the parties releasing a claim, as defined in the Stipulation.

The above description of the proposed Settlement is only a summary.  The complete terms are set forth in the Stipulation (including its exhibits), which may be obtained at www.SafeMoonSettlement.com, or by contacting Lead Counsel listed on Page __.  In the event of any inconsistency between this notice and the Stipulation, the terms of the Stipulation control.

## THE SETTLEMENT FAIRNESS HEARING

The Court will hold a Settlement Fairness Hearing _____, 2026, at _____, before the Honorable David Barlow, United States District Judge, at the United States District Court for the District of Utah, Orrin G. Hatch United States Courthouse, 351 South West Temple, Rm. 10.420, Salt Lake City, Utah 84101, for the purpose of determining whether: (1) the Settlement should be approved by the Court as fair, reasonable, and adequate; (2) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund; (3) to pay the Lead Plaintiffs for their time and expenses incurred in representing the Class; and (4) to enter the final Judgment as provided under the

Stipulation.  The Court may adjourn or continue the Settlement Fairness Hearing without further notice to Members of the Class.  If you want to attend the hearing, you should check with Lead Counsel or www.SafemoonSettlement.com beforehand to be sure that the date and/or time have not changed.

Any Class Member may appear at the Settlement Fairness Hearing and be heard on any of the foregoing matters.

**HOW DO I OBTAIN ADDITIONAL INFORMATION?**

This Notice contains only a summary of the terms of the proposed Settlement.  The records in this Action may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the Clerk of the District of Utah.  In addition, all of the Settlement documents, including the Stipulation, this Notice, the Proof of Claim, and proposed Judgment may be obtained on the settlement website, www.SafemoonSettlement.com, or by contacting the Claims Administrator at:

SafeMoon Settlement
Claims Administrator
c/o Stretto, Inc.
PO Box ---
Address
1-800-XYZ-ABCD
info@safemoonsettlement.com

In addition, you may contact John T. Jasnoch, a representative of Lead Counsel, at 1-800-332-2259, if you have any questions about the Action or the Settlement or want to obtain Settlement documents.

**DO NOT WRITE TO, OR TELEPHONE, THE COURT FOR INFORMATION**

DATED: _____, 2026          BY ORDER OF THE UNITED STATES
                                            DISTRICT COURT FOR THE DISTRICT
                                            OF UTAH

# EXHIBIT A-2

(Proof of Claim and Release)

THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MARK COMBS, VLAD IACOB, and BENJAMIN NORTHEY, Individually and on Behalf of All Others Similarly Situated,<br><br>                                              Plaintiffs,<br><br>v.<br><br>SAFEMOON LLC, SAFEMOON US, LLC, SAFEMOON CONNECT, LLC, TANO LLC, SAFEMOON LTD, SAFEMOON PROTOCOL LTD, SAFEMOON MEDIA GROUP LTD, BRADEN JOHN KARONY, JACK HAINES-DAVIES, HENRY "HANK" WYATT, JAKE PAUL, KYLE NAGY, DeANDRE CORTEZ WAY, BEN PHILLIPS, MILES PARKS McCOLLUM, THOMAS SMITH and DANIEL M. KEEM,<br><br>                                              Defendants | Case No. 2:22-cv-00642-DBB-JCB<br><br><br>Assigned Judge: Hon. David Barlow<br>Referred Magistrate Judge: Jared C. Bennett |

**PROOF OF CLAIM AND RELEASE FORM**

To recover as a Settlement Class Member based on the claims asserted against the Released Defendant Parties in this Action, you must complete, ***sign***, and submit this Proof of Claim and Release Form ("Claim Form"). If you fail to submit a properly addressed Claim Form, your claim may be rejected and you may be barred from any recovery from the Net Settlement Fund created under the proposed Settlement.[1] YOU MUST MAIL, EMAIL, OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM, TOGETHER WITH COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2026**, TO:

*SafeMoon Settlement*
Claims Administrator
c/o SafeMoon Settlement Administration
Stretto, Inc.
PO Box 0000
Address
Emailed Submissions: info@safemoonsettlement.com
Online Submissions: www.SafemoonSettlement.com

**PART I: GENERAL INSTRUCTIONS**

1.       It is important that you read and understand the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") that accompanies this Claim Form. The Notice describes the proposed Settlement and how Settlement Class Members' rights may be affected by it. The Notice also contains the definitions of certain of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting the Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases that you will be giving if you submit a Claim Form.

---

[1] If you previously filed a proof of claim with the Bankruptcy Court, you do not need to complete this form.

2.    This Claim Form is directed to all Persons who purchased or otherwise acquired SafeMoon (SFM) Tokens between March 8, 2021 and November 1, 2023, inclusive. If you fit within this definition, and (i) are not excluded from the Class by reason of your relationship to one of the founders or former officers and/or directors of SafeMoon US, LLC., or their affiliates (*see* Notice at 5 ("How Do I Know If I Am a Class Member?")) and (ii) do not exclude yourself by submitting a request for exclusion (*see* Notice at 9-10 ("Can I Exclude Myself from the Settlement?")), then you are a Settlement Class Member.[2]

3.    If you are NOT a Settlement Class Member, you may NOT participate in the Settlement, you should NOT submit a Claim Form, and any Claim Form you submit will be rejected.

4.    If you are a Settlement Class Member and you do not timely request exclusion, you will be bound by the terms of any judgment entered in this Action, including the releases provided for under the Settlement (*see* Notice at 11 ("What Claims Will Be Released by the Settlement?")), whether or not you submit a Claim Form.

5.    Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, or by such other plan of allocation that is ultimately approved by the Court.

6.    Use Part II of this form, "Claimant Identification," to identify each Safemoon (SFM) Token purchaser whose purchases form the basis of this claim. *THIS CLAIM FORM MUST BE FILED BY THE ACTUAL PURCHASERS OF SAFEMOON TOKENS UPON WHOSE PURCHASES THE CLAIM IS BASED, OR BY THEIR LEGAL REPRESENTATIVE.*

7.    Separate Claim Forms should be submitted for each separate legal entity that purchased Safemoon (SFM) Tokens (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her transactions through a separate legal entity with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. If a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms may be submitted for each such account. The Claims Administrator reserves the right to request information on all holdings and transactions in Safemoon (SFM) Tokens made on behalf of a single beneficial owner.

8.    All joint beneficial owners, purchasers, or acquirers must sign this Claim Form.

9.    Agents, executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of Persons represented by them. They must also (i) identify the capacity in which they are acting; (ii) identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number) of the beneficial owner (or other Person or entity on whose behalf they are acting); and (iii) provide documentary evidence of their authority to legally bind the person or entity on whose behalf they are acting to the Claim Form. (Authority to complete and sign a Claim Form cannot be established by brokers who show only that they have discretionary authority to trade in another person's accounts).

10.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under U.S. law. Making false statements or submitting fraudulent documentation will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

**NOTICE REGARDING ELECTRONIC FILES**: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. If you wish to submit your claim electronically, you must download the electronic filing template at www.SafemoonSettlement.com and follow the instructions contained within. **Any file that does not comply with the required electronic filing format will be subject to rejection.** Do not assume that your file has been received until you receive a confirmation from Stretto that your claim has been received.. If you do not receive such confirmation upon submitting your claim, you should contact the Claims Administrator's Electronic Filing Department at info@safemoonsettlement.com to inquire about your submission and confirm it was received.

**ADDITIONAL INFORMATION REQUESTS**: The Trustee and her Advisors may request additional information from each Claimant. Each Claimant must provide this information to be eligible for a distribution.

---

[2] If you previously filed a proof of claim in the Bankruptcy Case, your claim, subject to any objections filed to the same, will be treated as a Settlement Class Claim.

**PROOF OF CLAIM AND RELEASE ("CLAIM FORM")**

*Combs v. Safemoon LLC, et al.*, Case No. 2:22-cv-00642-DBB-JCB (D. Utah)

### PART II: CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.  The Trustee and her Advisors will verify each wallet address after submission of this Claim Form to determine the claim amount.[3]

Beneficial Owner's Name

Co-Beneficial Owner's Name(s)

Entity Name (if Claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City          State               Zip Code/Province              Country

Last Four Digits of your Social Security No. or Taxpayer I.D. No. (applicable for foreign claimants??)

Telephone Number (home/cell)          Telephone Number (work)

Email Address

Account Number/Wallet Address (if filing for multiple wallets or account types, please add a separate page identifying each wallet address and/or account)

---

[3] Claim amounts will be net losses calculated as net purchases (from March 8, 2021 through November 1, 2023) of SafeMoon (SFM) Tokens less net sales (from March 8, 2021 through December 14, 2023) of SFM Tokens.

IN SUBMITTING THIS CLAIM, PROVIDE A COPY OF A W-9.

*YOU <u>MUST</u> READ AND SIGN THE RELEASE BELOW.*

**PART II: RELEASE**

     1.     I (we) hereby fully, finally, and forever settle, release, and discharge the Releasing Plaintiffs' Claims (as defined in the Notice).

     2.     I (we) hereby warrant and represent that I (we): have not assigned or transferred, voluntarily or involuntarily, any of my (our) Releasing Plaintiff Claims or any other part thereof; have not submitted any other claim covering the same purchases or acquisitions of Safemoon (SFM) Tokens ***other than any proof of claim filed in the SafeMoon US, LLC bankruptcy case, Case No. 23-25749 (Bankr. D. Utah***; and have no knowledge of any other Person having done so on my (our) behalf.

     3.     I (we) hereby warrant and represent that I (we) purchased Safemoon (SFM) Tokens from March 8, 2021 through November 1, 2023.

     4.     I (we) certify that I am (we are) NOT subject to backup tax withholding.  (If the Internal Revenue Service has notified you that you are subject to backup withholding, please strike out the prior sentence.)

     5.     I (we) submit to the jurisdiction of the U.S. District Court for the District of Utah with respect to my (our) Claim as a Settlement Class Member and for purposes of enforcing the releases set forth above.

     6.     I (we) declare under penalty of perjury under the laws of the United States that all of the information submitted by me (us) as part of this Claim Form is true and correct.

Signed on _____/_____/_____
               Month          Day        Year


_____       _____
(Signature of beneficial owner)                   (Signature of co-beneficial owner, if any)


_____       _____
(Type or print your name here)                    (Type or print your name here)


_____       _____
(Title if signing for corporate entity, or your capacity if    (Title if signing for corporate entity, or your capacity if
signing as, *e.g.*, executor, trustee, etc., and attach      signing as, *e.g.*, executor, trustee, etc., and attach
documentation of your authority)               documentation of your authority)

<u>**Reminder Checklist:**</u>

     1.     You must sign the above release and acknowledgment.

     2.     Do not send originals of certificates or other documentation as they will not be returned.

     3.     Keep a copy of your Claim Form and all supporting documentation for your records.

     4.     If you move, please send your new address to the address below.

     5.     Do not use red pen or highlighter on the Claim Form or any supporting documentation.

     6.     Accurate claims processing takes significant time.  Thank you for your patience.

***Do not mail or send your Claim Form to the Court, the Parties, or their counsel.  Submit your Claim Form <u>only</u> to the Claims Administrator at the mailing, email, or online addresses listed below, no later than _____, to:***

*Safemoon Settlement*
Claims Administrator
c/o Stretto, Inc.

PO Box 0000
Address 00000
Emailed Submissions: info@safemoonsettlement.com
Online Submissions: www.SafemoonSettlement.com

# EXHIBIT A-3

(Summary Notice)

<table>
<tr><td colspan="2" align="center">THE UNITED STATES DISTRICT COURT<br><br>DISTRICT OF UTAH</td></tr>
<tr>
<td>MARK COMBS, VLAD IACOB, and BENJAMIN NORTHEY, Individually and on Behalf of All Others Similarly Situated,<br><br> Plaintiffs, <br>v.<br><br>SAFEMOON LLC, SAFEMOON US, LLC, SAFEMOON CONNECT, LLC, TANO LLC, SAFEMOON LTD, SAFEMOON PROTOCOL LTD, SAFEMOON MEDIA GROUP LTD, BRADEN JOHN KARONY, JACK HAINES-DAVIES, HENRY "HANK" WYATT, JAKE PAUL, KYLE NAGY, DeANDRE CORTEZ WAY, BEN PHILLIPS, MILES PARKS McCOLLUM, THOMAS SMITH and DANIEL M. KEEM,<br><br> Defendants </td>
<td>Case No. 2:22-cv-00642-DBB-JCB<br><br><br>Assigned Judge: Hon. David Barlow<br>Referred Magistrate Judge: Jared C. Bennett</td>
</tr>
</table>

### SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO:   ALL PERSONS AND ENTITIES THAT PURCHASED SAFEMOON (SFM) TOKENS FROM MARCH 8, 2021 THROUGH NOVEMBER 1, 2023**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Utah, that a hearing will be held on _____, 2026, at _____, before the Honorable David Barlow, United States District Judge, at the United States District Court for the District of Utah, Orrin G. Hatch United States Courthouse, 351 South West Temple, Rm. 10.420, Salt Lake City, Utah 84101, for the purpose of determining: (1) whether the proposed Settlement of the above-captioned Action, as set forth in the settlement agreement reached between the Lead Plaintiffs Mark Combs, Vlad Iacob, and Benjamin Northey, on behalf of themselves and the Class and Defendant Daniel Keem, consisting of a payment of Ninety Thousand Dollars ($90,000) in

cash, should be approved as fair, reasonable, and adequate to the Members of the Class; (2) whether the release by Class Members of claims as set forth in the Stipulation and Agreement of Settlement and Release (the "Stipulation") should be authorized; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses and any award to the Lead Plaintiffs should be approved; and (4) whether the Judgment, in the form attached to the Stipulation, should be entered. The Court may change the date of the Settlement Hearing without providing another notice. You do **NOT** need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

IF YOU PURCHASED SAFEMOON FROM MARCH 8, 2021 THROUGH NOVEMBER 1, 2023, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release Form ("Proof of Claim") by mail (postmarked no later than _____, 2026), or electronically at the following website: www.SafeMoonSettlement.com, or by email at the following email address: info@safemoonsettlement.com, no later than _____, 2026. Your failure to submit your Proof of Claim by _____, 2026, will subject your claim to possible rejection and may preclude you from receiving any of the recovery in connection with the Settlement of this Action. If you are a member of the Class and do not request exclusion, you will be bound by the Settlement and any judgment and release entered in the Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim. Lead Counsel represents you and other Members of the Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement or exclude yourself from the Class), you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at www.SafemoonSettlement.com, or by writing to, emailing, or calling:

Safemoon Settlement
Claims Administrator
c/o Stretto Inc.
PO BOX –
Address
info@safemoonsettlement.com

Inquiries may also be made to a representative of Lead Counsel at:

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
John T. Jasnoch
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508
jjasnoch@scott-scott.com

Inquiries should **NOT** be directed to the Court, or the Clerk of the Court.

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS AND THE SETTLEMENT, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS POSTMARKED NO LATER THAN _____, 2026, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL MEMBERS OF THE CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE CLASS WILL BE BOUND BY THE SETTLEMENT ENTERED IN THE ACTION.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES, AND/OR THE APPLICATION FOR AN AWARD TO THE LEAD PLAINTIFFS FOR THEIR TIME AND EXPENSES.  ANY WRITTEN OBJECTIONS MUST BE SENT TO THE COURT POSTMARKED NO LATER THAN _____, 2026, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  IF YOU FAIL TO OBJECT IN THE MANNER AND FORM EXPLAINED IN THE NOTICE, YOU WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND WILL NOT BE ABLE TO APPEAR SEPARATELY AT THE SETTLEMENT HEARING OR MAKE ANY OBJECTION TO THE SETTLEMENT, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES, AND/OR THE APPLICATION FOR AN AWARD TO THE LEAD PLAINTIFFS FOR THEIR TIME AND EXPENSES.

DATED: _____, 2026              BY ORDER OF THE UNITED STATES
                                              DISTRICT COURT FOR THE DISTRICT
                                              OF UTAH

# EXHIBIT B

(Proposed Judgment)

THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MARK COMBS, VLAD IACOB, and BENJAMIN NORTHEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAFEMOON LLC, SAFEMOON US, LLC, SAFEMOON CONNECT, LLC, TANO LLC, SAFEMOON LTD, SAFEMOON PROTOCOL LTD, SAFEMOON MEDIA GROUP LTD, BRADEN JOHN KARONY, JACK HAINES-DAVIES, HENRY "HANK" WYATT, JAKE PAUL, KYLE NAGY, DeANDRE CORTEZ WAY, BEN PHILLIPS, MILES PARKS McCOLLUM, THOMAS SMITH and DANIEL M. KEEM,<br><br>Defendants | Case No. 2:22-cv-00642-DBB-JCB<br><br><br>Assigned Judge: Hon. David Barlow<br>Referred Magistrate Judge: Jared C. Bennett |

**[PROPOSED] FINAL ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, the Court is advised that the Settling Parties, through their counsel, have agreed, subject to Court approval following notice to the Class and a hearing, to settle this Action upon the terms and conditions set forth in the Stipulation and Agreement of Settlement and Release dated February 4, 2026 (the "Stipulation"), which was filed with the Court.[1]

---

[1]    All defined and capitalized terms herein shall have the same meaning as set forth in the Stipulation.

WHEREAS, on _____, 2026, the Court entered its Order Preliminarily Approving Settlement and Providing for Notice, which preliminarily approved the Settlement and approved the form and manner of notice to the Class of the Settlement.

WHEREAS, said notice has been made to the Class and the Settlement Fairness Hearing has been held pursuant to the terms of the Order Preliminarily Approving Settlement and Providing for Notice.

NOW, THEREFORE, based upon the Stipulation and all of the filings, records, and proceedings herein, and it appearing to the Court upon examination that the Settlement set forth in the Stipulation is fair, reasonable, and adequate, and upon the Settlement Fairness Hearing having been held after notice to the Class of the Settlement to determine if the Settlement is fair, reasonable, and adequate and whether the Judgment should be entered in this Action, **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

2.      This Court has jurisdiction of the subject matter of this Action and over all of the Settling Parties and all members of the Class, including all Class Members who did not timely file a request for exclusion from the Settlement Class by the relevant deadline pursuant to the Preliminary Approval Order.

3.      The form, content, and method of dissemination of notice given to the Class was adequate and reasonable, met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. §78u-4(a)(7) (added to the Securities Exchange Act of 1934 by the Private Securities Litigation Reform Act of 1995), and constituted the best notice practicable under

the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.

4.    Notice, as given, complied with the requirements of federal law, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth herein.

5.    The Settlement set forth in the Stipulation is fair, reasonable, and adequate.

(a)    The Settlement was negotiated at arm's length by Lead Plaintiffs and Lead Counsel on behalf of the Class and by Defendant Daniel Keem, all of whom were represented by highly experienced and skilled counsel.  The case settled only after: (1) Lead Counsel's extensive investigation, which included, among other things, an extensive review of publicly available information about the SafeMoon token; (2) the drafting and filing of detailed initial complaint and amended complaint; and (3) extensive negotiation through counsel.  Accordingly, both Lead Plaintiffs and Defendant Daniel Keem were well-positioned to evaluate the settlement value of this Action.  The Stipulation has been entered into in good faith and is not collusive.

(b)    If the Settlement had not been achieved, both Lead Plaintiffs and Defendant Daniel Keem faced the expense, risk, and uncertainty of extended litigation, including briefing of a motion to dismiss, class certification, summary judgment, trial, post-trial motions, and appeals.  The Court takes no position on the merits of either Lead Plaintiffs' or Defendant Daniel Keem's

3

potential arguments but notes these arguments as further evidence in

support of the reasonableness of the Settlement.

6.      Lead Plaintiffs and Lead Counsel have fairly and adequately represented the

interests of the Class Members in connection with the Settlement.

7.      Lead Plaintiffs, all Class Members, and Defendant Daniel Keem are hereby bound

by the terms of the Settlement set forth in the Stipulation.

8.      The Settlement shall be consummated in accordance with the terms and provisions

of the Stipulation.  The Settling Parties are to bear their own costs, except as otherwise provided

in the Stipulation.

9.      The Court hereby grants class certification for settlement purposes and appoints

Mark Combs, Vlad Iacob, and Benjamin Northey as Class Representatives and Scott+Scott

Attorneys at Law LLP as Settlement Class Counsel.

10.     The Court hereby reaffirms its determination in the Preliminary Approval Order

that the Settlement Class shall be composed of all persons and entities that purchased SafeMoon

(SFM) tokens from March 8, 2021 through November 1, 2023.

11.     Upon the Class Action Effective Date, except with respect to individual claims by

persons who have validly and timely requested exclusion from the Class as listed in **Exhibit A**

hereto, all of the claims asserted in the First Amended ("Complaint") (ECF No. 133) and in the

Action against Defendant Daniel Keem are hereby dismissed with prejudice, without costs as to

the Settling Parties, except as awarded under the Settlement Fund and approved by the Court.

12.     Upon the Class Action Effective Date, all Released Parties are released in

accordance with the Stipulation, and as defined in the Stipulation, each of the Releasing Parties

are hereby deemed to have fully, finally, and forever waived, released, relinquished, and discharged each and every one of the Released Claims,[2] including Unknown Claims.[3]

---

[2]    "Released Claims" means Releasing Lead Plaintiffs' Claims and the Released Defendant's Claims. "Releasing Lead Plaintiffs' Claims" means any and all individual or class claims, demands, losses, rights, and causes of action of any nature whatsoever, known or Unknown Claims, whether arising under federal, state, common, or foreign law by the Releasing Lead Plaintiff Parties against the Released Defendant Parties, that have been or could have been asserted in the Action, or could in the future be asserted in any forum, domestic or foreign, or which arise out of, are based upon, or relate to in any way to (i) the purchase, sale, acquisition, or disposition of the SafeMoon or SFM Tokens and (ii) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations, or omissions involved, set forth, alleged, or referred to, in the Action. For the avoidance of doubt, Releasing Lead Plaintiffs' Claims do not include: (i) claims relating to the enforcement of the Settlement; (ii) any claims of Persons who submit a request for exclusion that is accepted by the Court; and (iii) any Releasing Lead Plaintiffs' Claims against third parties, including those who acted in concert with or aided and abetted any wrongdoing. "Released Defendant's Claims" means all claims and causes of action of any nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common, or foreign law, that the Settling Defendant could have asserted against the Releasing Lead Plaintiff Parties that arise out of, or relate in any way to, the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

[3]    "Unknown Claims" means any Releasing Lead Plaintiffs' Claims which Lead Plaintiffs, any other Settlement Class Member, or any other Releasing Lead Plaintiff Party does not know or suspect to exist in their favor at the time of the release of such claims, which, if known by them, might have affected their decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and any Released Defendant's Claims which the Settling Defendant or any other Released Defendant Party does not know or suspect to exist in their favor at the time of the release of such claims, which, if known by them might have affected their decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Class Action Effective Date of the Settlement, Lead Plaintiffs and Defendant Daniel Keem shall expressly waive, and each of the other Settlement Class Members and each of the other Released Parties shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

13.    Upon the Class Action Effective Date, each of the Releasing Parties are hereby forever barred and enjoined from filing, commencing, instituting, prosecuting, or maintaining, either directly, indirectly, representatively, or in any other capacity, in this Court, or in any other court of law or equity, administrative forum, or arbitration tribunal, any claim, counterclaim, cross-claim, third-party claim, or other actions based upon, relating to, or arising out of, directly or indirectly, any of the Released Claims.

14.    Upon the Class Action Effective Date, pursuant to 15 U.S.C. §78u-4(f)(7)(A), this Order provides that every Person is permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting, or maintaining, either directly, indirectly, representatively, or in any other capacity, in this Court, or in any other federal, foreign, state, or local court, forum or tribunal, any claim, counterclaim, cross-claim, third-party claim, or other actions based upon, relating to, or arising out of the Releasing Lead Plaintiffs' Claims and/or the transactions and occurrences referred to in the Complaint, or in any other pleadings filed in this Action (including,

---

The Releasing Lead Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts in addition to, or different from, those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Releasing Lead Plaintiffs' Claims or Released Defendant's Claims, but the Settling Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Class Action Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.

Lead Plaintiffs and Defendant Daniel Keem acknowledge, and each of the other Settlement Class Members and each of the other Released Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

without limitation, any claim or action seeking indemnification and/or contribution, however denominated), whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, or are asserted under federal, foreign, state, local, or common law, including, without limitation, a specific bar against all future claims for contribution arising out of the Action against the Released Defendant Parties.

15.     Any final verdict or judgment obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order (set forth in paragraph 14, above) shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Settling Defendants for common damages; or (b) the amount paid by or on behalf of Settling Defendants to the Settlement Class or Settlement Class Member for common damages."

16.     Upon the Class Action Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released Plaintiffs, Lead Counsel, and each and all of the Class Members from all Released Defendant's Claims.

17.     All Class Members who have not made their objections to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

18.     All Class Members who have failed to validly and timely submit Requests for Exclusion (requests to opt out) from the Class are bound by the terms and conditions of the Stipulation and this Judgment.

19.     The Requests for Exclusion, if any, by the persons or entities in **Exhibit A** to this Judgment are accepted by the Court.

20.     Neither this Judgment, the Preliminary Approval Order, the Stipulation (including
the exhibits thereto), nor any of the negotiations, documents, or proceedings connected with them
shall be argued to be or offered or received:

(a)     Against any of the Released Defendant Parties or their legal counsel as
evidence of, or construed as evidence of, any presumption, concession, or
admission by any of the Released Defendant Parties with respect to the truth
of any fact alleged in the Complaint or the Action, or the validity of any
claim that has been, or could have been, asserted against the Released
Defendant Parties in the Complaint or the Action, or the deficiency of any
defense that has been, or could have been, asserted in the Action, or of any
wrongdoing or liability by the Released Defendant Parties, or any liability,
fault, misrepresentation, or omission with respect to any statement or
written document approved or made by the Released Defendant Parties.

(b)     Against the Lead Plaintiffs or any Settlement Class Member or Lead
Counsel as evidence of, or construed as evidence of, any infirmity of the
claims alleged by the Lead Plaintiffs in the Complaint or the Action or of
any lack of merit to the claims or the Complaint or the Action or of any bad
faith, dilatory motive, or inadequate prosecution of the claims or the
Complaint or the Action.

(c)     Against the Released Defendant Parties, the Lead Plaintiffs, or any
Settlement Class Member, or their respective legal counsel, as evidence of,
or construed as evidence of, any presumption, concession, or admission by
the Released Defendant Parties, the Lead Plaintiffs, or any Settlement Class

Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Defendant Parties, the Lead Plaintiffs, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of the Stipulation.

(d)      Against the Released Defendant Parties or their legal counsel as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that any of the Lead Plaintiffs' claims have merit, or that any defenses asserted by the Released Defendant Parties is without merit, or that the Settlement Amount represents the amount which could or would have been received after any trial of the Action against them.

(e)      Against the Lead Plaintiffs or any Settlement Class Member, or Lead Counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Lead Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by Defendant Daniel Keem has any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

(f)      Against the Released Defendant Parties or their legal counsel as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that class certification is or was appropriate in this Action, except for purposes of the Settlement.

21.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement: (a) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, the validity of any Releasing Lead Plaintiffs' Claims or of any wrongdoing or liability of Defendant Daniel Keem or the Released Defendant Parties; or (b) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, any fault or omission of any of Defendant Daniel Keem or the Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; (c) is or may be deemed to be an admission or evidence that any claims asserted by the Lead Plaintiffs, any Class Member, or Lead Counsel were not valid in any civil, criminal, or administrative proceeding; or (d) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence that, class certification is or was appropriate in this Action, except for purposes of the Settlement.

22.     The Parties and other Released Parties, for the avoidance of doubt, may file or refer to this Judgment, the Stipulation, Preliminary Approval Order, and/or any Claim Form: (a) to effectuate the liability protections and/or releases granted hereunder or thereunder, including, without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Judgment.

23.     In the event that the Final Order Date or Class Action Effective Date does not occur in accordance with the terms and conditions set forth in the Stipulation, then this Order and Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as

otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of the Parties, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective positions as of February 4, 2026, and the Parties shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.  In such circumstances, the Parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action.

24.    Exclusive jurisdiction is hereby retained over the Parties for all matters relating to the Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation, the Settlement contained therein, and this Judgment.

25.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

26.    Defendant Daniel Keem and/or his Counsel has provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

27.    The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

28.    The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

29.    A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  Such order shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such order

shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Class Action Effective Date.

30.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (iii) all Parties for the purpose of construing, enforcing, and administering the Settlement and this Judgment; and (iv) other matters related or ancillary to the foregoing.

31.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.


IT IS SO ORDERED.


DATED: _____            _____
                                         DAVID BARLOW, U.S.D.J.
                                         DISTRICT OF UTAH

12